■ WILLIAM GEIGER et al., Respondents, v AMERICAN TOBACCO COMPANY et al., Appellants, et al., Defendants. [674 NYS2d 775] —In a proposed class action by, and on behalf of, among others, New York State residents who have contracted lung and/or throat cancer from smoking cigarettes, to recover damages, inter alia, for failure to warn and fraud and deceit, the defendants American Tobacco Company, American Brands, Inc., Lorillard, Inc., Lorillard Tobacco Company, Philip Morris Incorporated, Philip Morris Companies, Inc., RJR Nabisco, Inc., R.J. Reynolds Tobacco Company, Brown & Williamson Industries, Inc., Brown & Williamson Tobacco Corporation, Council for Tobacco Research—USA, Inc., and Tobacco Insti-

tute, Inc., appeal from an order of the Supreme Court, Queens County (Lerner, J.), dated July 24, 1997, which, *inter alia,* denied their motion to dismiss the complaint, and granted the plaintiffs' cross motion, among other things, for class certification and an expedited discovery schedule.

Ordered that the order is modified by (1) deleting the provision thereof granting the plaintiffs' cross motion, and (2) deleting the provision thereof which denied those branches of the appellants' motion which were to dismiss the complaint in its entirety, and substituting therefor a provision granting (a) that branch of the motion which was to dismiss the plaintiffs' cause of action to recover damages for failure to warn after 1969, and (b) those branches of the motion which were to dismiss so much of the plaintiffs' causes of action to recover damages for negligent misrepresentation, implied warranty of merchantability, and implied warranty of fitness as arose after 1969 and are based on a failure to warn, or on the neutralization through advertising of Federally-mandated warnings, and rely on omissions or inclusions in advertising or promotions; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

This case concerns, *inter alia,* the proposed certification of a class of smokers who allegedly contracted lung and/or throat cancer from smoking cigarettes which were manufactured, promoted, and/or sold by the defendants. The 12 defendants that are parties to this appeal represent five cigarette manufacturers (American Tobacco Company, Lorillard Tobacco Company, Philip Morris Incorporated, R.J. Reynolds Tobacco Company, and Brown & Williamson Tobacco Corporation), their respective parent corporations (American Brands, Inc., Lorillard, Inc., Philip Morris Companies, Inc., RJR Nabisco, Inc., and Brown & Williamson Industries, Inc.), and two tobacco-related entities (the Council for Tobacco Research— USA, Inc. [hereinafter CTR] and the Tobacco Institute, Inc. [hereinafter TI]).

The plaintiffs' allegations may be summarized as follows: The defendants have known, since at least 1954, both that nicotine is addictive and that there are serious negative health effects to smoking cigarettes. However, rather than informing the public of such dangers, the defendant manufacturers not only manipulated the amounts of nicotine contained in cigarettes to ensure continued smoking, but also misrepresented and/or failed to warn smokers of such dangers by disseminating or causing to be disseminated, *inter alia,* false

and/or misleading reports and information on smoking and advertisements associating smoking with "sexuality, virility, social acceptance, popularity, fun, enjoyment and healthfulness". The manufacturers also formed CTR for the ostensible purpose of performing and/or overseeing independent and objective testing and research on smoking. However, their true intent was to create a puppet group to promulgate propaganda intended to mislead and deceive the public about the addictive nature of nicotine and the dangers of smoking under a false veneer of objectivity and respectability. Moreover, the defendant manufacturers formed TI to disseminate such propaganda and other misleading and/or false information about tobacco and smoking. The complaint alleges causes of action against the defendant manufacturers, arising from, *inter alia,* failure to warn, both before and after the effective date of the Public Health Cigarette Smoking Act of 1969 (15 USC § 1331), fraud and deceit, negligent misrepresentation, negligent and defective design, strict product liability, and breach of express and implied warranties. The plaintiffs allege that the defendant parent companies may be held liable because they were directly involved in the design, marketing, and sale of cigarettes, because they were participants in a concerted, industry-wide effort to deceive and/or fail to inform the public of the dangers of smoking, and because they are vicariously liable for the conduct of their respective subsidiaries. The plaintiffs further allege that CTR may be held liable as also directly involved in the design and marketing of cigarettes, and that both CTR and TI participated in the concerted, industry-wide effort to deceive and/or fail to inform the public of the dangers of smoking and aided and abetted the manufacturers. The plaintiffs proposed the certification of two related classes. The first is "[a]ll persons in the State of New York who have smoked cigarettes manufactured by the defendant tobacco companies and have contracted lung and/or throat cancer from having smoked said cigarettes". The second was the estates, representatives, administrators, and spouses of all such persons who had died. In the order appealed from, the Supreme Court denied the appellants' motion to dismiss the complaint, and granted the plaintiffs' cross motion, *inter alia,* for class certification. We now modify.

The record is insufficient to make an informed determination as to all of the prerequisites to certification of a class action. However, given, *inter alia,* the scope and complexity of the issues presented, we find it appropriate to remit the matter for limited discovery and/or a mini-hearing on the issue of class certification (*see, Becker v Empire of Am. Fed. Sav. Bank,* 155 AD2d 923; *Katz v NVF Co.,* 100 AD2d 470; *Chimenti v Ameri-*

*can Express Co.,* 97 AD2d 351; *Simon v Cunard Line,* 75 AD2d 283; *Matter of Knapp v Michaux,* 55 AD2d 1025; *Vallone v Delpark Equities,* 95 Misc 2d 161; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C902:1, at 336-337; *see also,* 24 ALR Fed 872). Although the ultimate manner and form the proceedings are to take is referred to the sound discretion of the Supreme Court, which will hopefully be aided by the parties, we contemplate proceedings as follows: the plaintiffs should make an offer of proof as to the material facts they intend to prove at trial that bear on the issues set forth pursuant to CPLR 901 and 902, and, if warranted, CPLR 906. Through simple inquiry, the court might then determine what is and what is not controverted, and what is material to the determinations at hand. Once the court determines what is material and what is in controversy, the appropriate discovery might be granted and a hearing held to resolve the matters raised. By such suggestions, we do not intend to limit whatever creative alternatives might be found by the court or parties to aid in the relevant determinations that are consonant with both the conservation of judicial resources and with moving the case forward with all due speed.

The appellants also argue that, regardless of the issue of class certification, the Public Health Cigarette Smoking Act of 1969 (hereinafter the Act) preempts the plaintiffs' claims for failure to warn after 1969, fraud and deceit, negligent misrepresentation, implied warranty of merchantability, and implied warranty of fitness for use. In *Cipollone v Liggett Group* (505 US 504), the Supreme Court addressed the preemptive effect of the Act on State law, both "positive enactments by legislatures or administrative agencies that mandate particular warning labels" (505 US, at 519) and the common law. The Court held: "The central inquiry in each case is straightforward: we ask whether the legal duty that is the predicate of the common-law damages action constitutes a 'requirement or prohibition based on smoking and health * * * imposed under State law with respect to * * * advertising or promotion,' giving that clause a fair but narrow reading" (*Cipollone v Liggett Group, supra,* at 523-524). Here, the plaintiffs' cause of action to recover damages for failure to warn after 1969 is preempted (*see, Cipollone v Liggett Group, supra*). Similarly, so much of their causes of action to recover damages for negligent misrepresentation, implied warranty of merchantability, and implied warranty of fitness as arose after 1969 and are based on a failure to warn, or on the neutralization through advertising of Federally-mandated warnings, and rely on omissions or inclusions in advertising or promotions, they are preempted (*see, Cipollone v*

*Liggett Group, supra; McSorley v Philip Morris, Inc.,* 170 AD2d 440). The claims arising from fraud and deceit are not similarly preempted (*see, Cipollone v Liggett Group, supra,* at 525-526).

Finally, contrary to the appellants' arguments on appeal, taking the factual averments of the complaint as true and giving the plaintiffs the benefit of every favorable inference, the complaint is otherwise sufficient to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7) (*see, Campaign for Fiscal Equity v State of New York,* 86 NY2d 307; *SRW Assocs. v Bellport Beach Prop. Owners,* 129 AD2d 328; *see also, City of New York v Lead Indus. Assn.,* 190 AD2d 173) and is sufficiently detailed to withstand a motion to dismiss pursuant to CPLR 3016 (b) (*see, Lanzi v Brooks,* 43 NY2d 778; *Marcus v Jewish Natl. Fund [Keren Kayemeth Leisrael],* 158 AD2d 101). Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.