[718 NYS2d 374]

SUSAN LEADER, Respondent, v MARONEY, PONZINI & SPENCER, Also Known as PONZINI, SPENCER & GEIS et al., Appellants.

Second Department, December 26, 2000

### APPEARANCES OF COUNSEL

*Steinberg & Cavaliere, L. L. P.,* White Plains (*Kevin F. Cavaliere* and *Steven Coploff* of counsel), for appellants.

*Foley, Hickey, Gilbert & O'Reilly,* New York City (*Terrence P. O'Reilly* of counsel), for respondent.

### OPINION OF THE COURT

KRAUSMAN, J.

Since 1992, CPLR 306-b has required that a summons and complaint or summons with notice be served upon a defendant within 120 days after the commencement of the action. In 1997, the Legislature amended CPLR 306-b to authorize a court to extend the 120-day service period for "good cause shown or in the interest of justice." On this appeal, we are asked to consider the circumstances under which it is appropriate for a court to exercise its discretion to extend a plaintiff's time to effectuate service pursuant to the amended statute. For the reasons which follow, under the circumstances of this case, we find that an extension of the plaintiff's time to serve was warranted in the interest of justice, and, accordingly, that the order appealed from should be affirmed.

In the fall of 1990, the plaintiff, Susan Leader, retained the defendant law firm to represent her in a divorce action. After nearly five years of litigation, the divorce action was settled in March 1995, and a judgment of divorce was entered on May 1, 1995.

In early March 1998, the plaintiff retained new counsel to assist her in enforcing the judgment of divorce. The plaintiff claims that during her discussions with her new matrimonial attorney, she learned for the first time that she could have had her husband's law license valued during the pendency of the divorce action, and that she was entitled to a distributive share of this valuable asset. Since her new attorney was unwilling to represent her in a legal malpractice action, the plaintiff com-

menced this action against her former attorneys *pro se,* by filing a summons with notice in the Westchester County Clerk's office on March 5, 1998. The plaintiff then sought counsel to represent her in the legal malpractice action, and in April 1998, she found an attorney who was willing to review her case, and who subsequently agreed to represent her. Although the attorney retained in the malpractice action knew that a summons and notice had already been filed in the County Clerk's office, but that service on the defendants had not been effectuated, he was not aware that CPLR 306-b recently had been amended. Thus, counsel believed, in accordance with the former statute, that after the plaintiff's initial 120-day period to effect service expired on July 3, 1998, she would be entitled to purchase a new index number and file a new summons, thereby obtaining an additional 120-day period in which to effectuate service, and tolling the Statute of Limitations. The plaintiff's malpractice attorney subsequently filed a second summons and a complaint in the Westchester County Clerk's office on October 13, 1998, and the defendants were served on October 26, 1998. Since the second 120-day period would not expire until October 31, 1998, counsel believed that the defendants had been timely served.

The defendants promptly moved to dismiss the second action on the ground that it was barred by the Statute of Limitations, which had run after the commencement of the first action. The Supreme Court granted the motion without prejudice to motions by the parties in the first action to seek either dismissal of the first action or an extension of time to effectuate service. The Supreme Court noted that while the second action was superfluous under the newly-amended CPLR 306-b, the prior action remained pending.

The plaintiff then moved for an extension of time to serve in the first action. In support of the motion, the plaintiff's attorney acknowledged that he should have been aware of the recent amendment to CPLR 306-b, but argued that his error was excusable because the amendment had not been widely publicized. In opposition to the motion, the defendants noted that there had been several articles in the New York Law Journal addressing the revision of CPLR 306-b, and contended that the plaintiff had not demonstrated that an extension was warranted based upon good cause or in the interest of justice. In a reply affirmation, the plaintiff's attorney discussed the legislative history underlying the revision, and argued that even if his lack of awareness of the amendment did not rise to

the level of good cause shown, an extension should be granted in the interest of justice because the plaintiff had a meritorious claim against the defendants, and would otherwise be deprived of her day in court. The Supreme Court granted the plaintiff's motion for an extension, without fully explaining its rationale for doing so. The defendants appeal.

Analysis of the issue presented on appeal must begin with a consideration of the statutory framework governing the commencement of actions. In 1992, the Legislature enacted fundamental changes to the CPLR, which transformed New York from a commencement by service to a commencement by filing jurisdiction (*see*, CPLR former 306-b, added by L 1992, ch 216, § 7, repealed by L 1997, ch 476, § 1). The conversion to a filing jurisdiction conferred a significant benefit upon plaintiffs by "making the simple task of filing the act that marks 'interposition' of the claim for Statute of Limitations purposes (*see*, CPLR 203 [c] [1]), with a follow-up grace period within which to effect service" (*Matter of Gershel v Porr*, 89 NY2d 327, 330-331). As originally enacted, CPLR 306-b required a plaintiff to file proof of service within 120 days after the commencement of the action. If a plaintiff failed to file proof of service as required by the statute, the action was automatically deemed dismissed. However, the potential harshness of the "deemed dismissed" provision was softened by allowing a plaintiff a second 120-day period in which to commence a new action and complete service of process (*see*, *Matter of Gershel v Porr, supra*, at 331). The former statute expressly permitted a second action to be instituted "despite the expiration of the statute of limitations after the commencement of the original action." (CPLR former 306-b [b].)

In 1997, at the request of the Chief Administrative Judge, a bill was introduced into the Legislature to repeal CPLR 306-b and to add a new section 306-b in its place. To avoid the problems which had been engendered by the automatic "deemed dismissed" feature of the former statute, the new provision, effective January 1, 1998, eliminated the requirement for filing proof of service. In addition, to provide the New York courts with the same type of flexibility afforded their Federal counterparts, the new statute, which was modeled on rule 4 (m) of the Federal Rules of Civil Procedure, permitted a court to extend the time for service beyond the 120-day period for either good cause shown or in the interest of justice (*see*, Mem of Off of Ct Admin No. 97-67R, 1997 NY Legis Ann, at 318). The legislative history makes clear that "good cause" and "interest

of justice" are to be treated as separate and distinct grounds for granting an extension of time to serve. In a legislative report prepared by the New York State Bar Association's Committee on Civil Practice Law and Rules, which is included in the amended statute's bill jacket, it was noted that "[s]ince the term 'good cause' does not include conduct usually characterized as 'law office failure' * * * proposed CPLR 306-b provides for an additional and broader standard, i.e. the 'interest of justice,' to accommodate late service that might be due to mistake, confusion, or oversight, so long as there is no prejudice to the defendant. The availability of this more flexible standard allows a case to go forward without a party needlessly having to commence a new action, pay an additional fee and make a motion to consolidate" (1997 Rep of Comm on CPLR, NY State Bar Assn No. 88, at 5). The report also noted that although the new provision grants the court the discretion to extend the service period in cases where the Statute of Limitations expired after the initial filing, this would not impermissibly extend the time limited by law for the commencement of an action in violation of CPLR 201. In this regard, the report explained that in the wake of the 1992 amendments, "once a summons and complaint is filed, the claim has been interposed for statute of limitations purposes. Whether or when a defendant is served is irrelevant to a determination as to whether the statute of limitations has been met" (1997 Rep of Comm on CPLR, NY State Bar Assn No. 88, at 6).

Guided by the legislative history of the statute and a review of analogous Federal case law, the Appellate Division, Fourth Department, in the recent case of *Busler v Corbett* (259 AD2d 13), concluded that the plaintiff's motion to extend her time to serve the defendants nunc pro tunc pursuant to CPLR 306-b should have been granted. In that case, the plaintiff commenced a personal injury action against the defendants six days before the expiration of the Statute of Limitations. Both defendants were served in August 1998, approximately 28 days after the expiration of the 120-day service period. The Supreme Court denied the plaintiff's motion to extend her time to serve the defendants nunc pro tunc, and granted the defendants' cross motion to dismiss the complaint. The Supreme Court concluded that the plaintiff had not established good cause for her failure to serve the defendants before the expiration of the Statute of Limitations, and declined to grant the extension in the interest of justice on the ground that the defendants would be prejudiced if the action was permitted to proceed after the

expiration of the limitations period. The Appellate Division, Fourth Department, agreed that the plaintiff failed to demonstrate good cause for an extension of time to serve because her process server had not made diligent efforts to effectuate timely service. However, it reversed the order and granted the plaintiff's motion in the interest of justice, noting that she established that because the Statute of Limitations had expired, her claim would be extinguished without the extension, the defendants had been served only 28 days after the expiration of the limitations period, and she moved promptly for an extension nunc pro tunc. The Court concluded that in the absence of demonstrable prejudice to the defendants, it would be unjust to deprive the plaintiff of the opportunity to prove her claims against them.

*Busler v Corbett (supra)* is consistent with case law interpreting rule 4 (m) of the Federal Rules of Civil Procedure, the Federal counterpart to CPLR 306-b. Under rule 4 (m), courts must grant an extension of time to serve where the plaintiff demonstrates "good cause," a standard that is "measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay" (*AIG Managed Mkt. Neutral Fund v Askin Capital Mgt.,* 197 FRD 104, 108). Although a delay in service resulting from neglect or mistake by a litgant's attorney does not constitute good cause (*see, AIG Managed Mkt. Neutral Fund v Askin Capital Mgt., supra; Myers v Secretary of Dept. of Treasury,* 173 FRD 44, 47), rule 4 (m) also affords courts the discretionary authority to extend a plaintiff's time to serve in the interest of justice (*see, Boley v Kaymark,* 123 F3d 756, 758; *AIG Managed Mkt. Neutral Fund v Askin Capital Mgt., supra*). In evaluating whether an extension should be granted in the interest of justice, Federal courts have "consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff [because] dismissal under these circumstances would extinguish potentially meritorious claims without there being an opportunity to have them adjudicated on the merits" (*AIG Managed Mkt. Neutral Fund v Askin Capital Mgt., supra,* at 109-110).

In the case at bar, there is no evidence that the plaintiff, who commenced this action *pro se,* actually attempted to serve the defendants within the initial 120-day period. Although the plaintiff retained counsel to represent her in the malpractice action before the expiration of the 120-day period, counsel erroneously believed that the first action would be deemed

dismissed under former CPLR 306-b and that the plaintiff was entitled to a second 120-day period in which to file a new action. In reliance upon the former statute, the plaintiff's attorney filed a new summons and complaint, and effected service within the second 120-day period. This would have been entirely proper under the former statute, and the new action would have been deemed timely interposed for Statute of Limitations purposes. While we agree with our dissenting colleagues' position that a mistake of this nature cannot be deemed sufficient to satisfy the "good cause" standard, their view does not take full appreciation of the fact that the courts have been vested with the discretion, in the interest of justice, to extend a plaintiff's time to serve. Indeed, it has been observed that in cases such as the one before us, where the Statute of Limitations has expired after commencement of the action by filing, the courts should take into account the drafters' intent that motions to extend be liberally granted after the expiration of the limitations period. Under the facts of this case, liberality would seem particularly appropriate as no more than 240 days have elapsed since the expiration of the Statute of Limitations, since the original version of CPLR 306-b would have allowed the plaintiffs to recommence and serve process within that period of time (*see,* Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 306-b, 2000 Pocket Part, at 173).

In keeping with the legislative intent to liberally grant extensions in cases where, as here, the Statute of Limitations expired after filing, and in view of the fact that the plaintiff has a potentially meritorious cause of action and the defendants made no showing of prejudice, we find that the Supreme Court properly exercised its discretion in granting the plaintiff's motion for an extension of time to effect service in the first action (*see, Ageyeva v Always Beautiful,* 274 AD2d 363; *Salamon v Charney,* 269 AD2d 256).

Accordingly, the order appealed from should be affirmed.

SCHMIDT, J. (dissenting and voting to reverse). I believe that it is an improvident exercise of discretion to extend the plaintiff's time to serve the defendants with the summons and complaint, and would reverse the order appealed from.

While I concur with the majority's historical analysis of the remedial purposes leading to the enactment of the current version of CPLR 306-b, I do not believe the majority has correctly interpreted the extent of the relief permitted by the statute and do not find the interest of justice is served by an extension of time under the circumstances of this case.

The intent of the Legislature, as ascertained from the memorandum in support, is that extensions of time should be liberally granted in the interest of justice where the Statute of Limitations has run. However, it is not an unfettered grant of discretion and clearly was not intended to reward laxness on the part of plaintiffs or to automatically extend the period for service of process in every case. "[E]xtensions of time should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service" (Mem of Off of Ct Admin No. 97-67R, 1997 NY Legis Ann, at 319). Here, the plaintiff failed to offer a reasonable explanation or excuse for the failure to attempt any service within the 120-day period following the filing of the initial summons, nor did the plaintiff promptly move for an extension of time even after becoming aware of the failure (*see, Estate of Jervis v Teachers Ins. & Annuity Assn.,* 181 Misc 2d 971).

While Federal courts have considered the expiration of the Statute of Limitations as a factor to be considered in favor of a plaintiff, those courts have not gone as far as the majority does here by finding that the expiration of the Statute of Limitations itself is sufficient to warrant a discretionary extension of time under rule 4 (m) of the Federal Rules of Civil Procedure (*see, Astarita v Urgo Butts & Co.,* 1997 WL 317028, 1997 US Dist LEXIS 8112 [SD NY, June 10, 1997, Leisure, J.]; *Bakal v Ambassador Const.,* 1995 WL 447784, 1995 US Dist LEXIS 10542 [SD NY, July 28, 1995, Martin, J.]; *National Union Fire Ins. Co. v Sun,* 1994 WL 463009, 1994 US Dist LEXIS 11934 [SD NY, Aug. 25, 1994, Preska, J.]). Here, even the majority finds no other circumstances weighing in favor of an extension except that the plaintiff has a potentially meritorious cause of action and that the defendants purportedly will suffer no prejudice. Accordingly, I would reverse the order appealed from, deny the motion, grant the cross motion, and dismiss the complaint.

BRACKEN, J. P., and SMITH, J., concur with KRAUSMAN, J.; SCHMIDT and H. MILLER, JJ., dissent and vote to reverse the order appealed from, deny the motion and grant the cross motion to dismiss the complaint in a separate opinion by SCHMIDT, JJ.

Ordered that the order is affirmed, with costs.