■ KATHRYN SCARABAGGIO, Respondent, v OLYMPIA & YORK ESTATES COMPANY, Appellant, et al., Defendant. [718 NYS2d 392] —In an action to recover damages for personal injuries, the defendant Olympia & York Estates Company appeals from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated February 8, 2000, which granted the plaintiff's motion pursuant to CPLR 306-b for an extension of time in which to serve the summons and complaint upon it, and denied its cross motion pursuant to CPLR 306-b to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting the plaintiff's motion pursuant to CPLR 306-b for an extension of time in which to serve the defendant Olympia & York Estates Company (hereinafter Olympia) in the interest of justice (*see, Leader v Maroney, Ponzini & Spencer*, 276 AD2d 194 [decided herewith]; *Hafkin v North Shore Univ. Hosp.*, 279 AD2d 86 [decided herewith]; *Ageyeva v Always Beautiful*, 274 AD2d 363; *Busler v Corbett*, 259 AD2d 13).

Although the summons and complaint were filed before the expiration of the Statute of Limitations, the plaintiff's claim will be extinguished if her motion is not granted, as the Statute of Limitations has since expired. In addition, the plaintiff promptly moved for an extension pursuant to CPLR 306-b after discovering that Olympia had not been served within the 120-day statutory period. Olympia failed to demonstrate that it will be prejudiced by the granting of the plaintiff's motion (*see, Leader v Maroney, Ponzini & Spencer, supra*; *Hafkin v North Shore Univ. Hosp., supra*; *Busler v Corbett, supra*).

CPLR 306-b gives the court the discretion to grant an extension of time to serve "upon good cause shown *or* in the interest of justice" (emphasis supplied). The dissent relies upon a Mem-

orandum of the New York State Senate in support of the statute (*see,* Mem of Senate in Support of L 1997, ch 476, 1997 McKinney's Session Laws of NY, at 2456-2457) in imposing a threshold requirement that the plaintiff demonstrate reasonable diligence in attempting service before an extension may be granted. Where an extension in the interest of justice is requested, the court may consider all of the relevant factors before making its determination. No one factor, however, is dispositive (*see, Leader v Maroney, Ponzini & Spencer, supra*).

Olympia further contends that the extension was improperly granted because it was not the proper party to sue, however; the record is insufficient to resolve this issue. In any event, Olympia can raise this defense in its answer.

Olympia's remaining contentions are without merit. O'Brien, J. P., Sullivan and H. Miller, JJ., concur.

Thompson, J., dissents and votes to reverse the order appealed from, deny the motion to extend, and grant the cross motion to dismiss the complaint insofar as asserted against the appellant with the following memorandum, in which Schmidt, J., concurs: I would reverse. In my view, leave to extend the 120-day period should be granted only where the plaintiff establishes reasonable diligence in attempting to effect service (*see,* Mem of Senate in Support of L 1997, ch 476, 1997 McKinney's Session Laws of NY, at 2457; *Hafkin v North Shore Univ. Hosp.,* 279 AD2d 86 [decided herewith]; *Ageyeva v Always Beautiful,* 274 AD2d 363; *Estate of Jervis v Teachers Ins. & Annuity Assn.,* 181 Misc 2d 971). The failure to impose such a requirement under CPLR 306-b would effectively eliminate the Statute of Limitations. Indeed, the Legislative history indicates that a plaintiff's diligence in attempting service is to be considered by the court in exercising its discretion as to whether an extension of time to serve should be granted (*see,* Mem of Senate in Support of L 1997, ch 476, 1997 McKinney's Session Laws of NY, at 2457).

Here, the plaintiff did not show reasonable diligence in attempting to serve the summons and complaint within the 120-day period, and therefore should not be granted an extension (*see, Estate of Jervis v Teachers Ins. & Annuity Assn., supra; cf., Busler v Corbett,* 259 AD2d 13). Accordingly, I would reverse the order appealed from, deny the motion, grant the cross motion, dismiss the complaint insofar as asserted against the appellant, and sever the action against the remaining defendant.