[718 NYS2d 379]

RHODA HAFKIN et al., Appellants, v NORTH SHORE UNIVERSITY HOSPITAL, Respondent. (Action No. 1.)

RHODA HAFKIN et al., Appellants, v NORTH SHORE UNIVERSITY HOSPITAL, Respondent. (Action No. 2.)

Second Department, December 26, 2000

APPEARANCES OF COUNSEL

*Peters, Berger, Koshel & Goldberg, P. C.,* Brooklyn (*Richard L. Goldberg* of counsel), for appellants.

*Costello, Shea & Gaffney,* New York City (*Richard Paul Stone* and *Paul E. Blutman* of counsel), for respondent.

## OPINION OF THE COURT

RITTER, J. P.

We are asked to determine whether the plaintiffs should receive a discretionary extension of their time to serve process commencing an action as authorized by CPLR 306-b. We find that the plaintiffs have failed to demonstrate either good cause or that the interest of justice would be served by granting such relief.

The plaintiff Rhoda Hafkin (hereinafter Hafkin) was admitted to the defendant hospital on May 19, 1995, for a bilateral knee replacement, and was discharged from the hospital on May 30, 1995. The plaintiffs allege that during this period, Hafkin sustained a decubitus ulcer to her right heel due to the negligent medical care provided by the defendant. Hafkin twice returned to the defendant hospital for further treatment, resulting in a final discharge on July 22, 1995. Hafkin did not return to the defendant hospital after July 22, 1995.

On January 22, 1998, one day before the expiration of the applicable Statute of Limitations (*see,* CPLR 214-a), the plaintiffs commenced Action No. 1 against the defendant by purchasing an index number and filing a summons and complaint in the Office of the Nassau County Clerk (*see,* CPLR 304). It is undisputed that the defendant was never served in that action.

On September 11, 1998, after the expiration of the applicable Statute of Limitations, the plaintiffs commenced Action No. 2 by purchasing another index number and filing a second summons and complaint in the Office of the Nassau County

Clerk. The summons and complaint in Action No. 2 were served on the defendant on September 16, 1998, and proof of service was filed on September 17, 1998.

On October 5, 1998, the defendant served its answer, which, *inter alia,* asserted as an affirmative defense that the Statute of Limitations had expired. On January 8, 1999, the defendant moved to dismiss Action No. 2 as time-barred.

On February 4, 1999, the plaintiffs sought, *inter alia,* to extend their time to serve the summons and complaint in Action No. 1 pursuant to CPLR 306-b. In the order appealed from, 'the Supreme Court granted the defendant's motion to dismiss Action No. 2 and denied as academic the plaintiffs' cross motion to extend their time to serve the summons and complaint in Action No. 1. We affirm, although we deny the plaintiffs' cross motion on the merits.

Action No. 2 was neither timely commenced nor served (*see,* CPLR 214-a). Thus, it was properly dismissed as time-barred (*see,* CPLR 3211 [a] [5]). Further, it is undisputed that the defendant was never served with the summons and complaint in Action No. 1, and thus was not served within 120 days of commencement as required by CPLR 306-b, as amended effective January 1, 1998 (*see,* L 1997, ch 476, §§ 1, 2). Accordingly, the dispositive issue on this appeal is whether the plaintiffs demonstrated their entitlement to an extension of the time to serve the summons and complaint in Action No. 1 pursuant to CPLR 306-b. We find that they did not.

In relevant part, CPLR 306-b provides: "[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service." Here, in support of their cross motion to extend the time to serve the summons and complaint in Action No. 1, the plaintiffs proffered no explanation or excuse for their initial failure to have served the defendant within the 120-day period. Indeed, they completely ignored the question of why timely service was not made upon the defendant, a readily accessible hospital prominently located on the North Shore of Long Island. Further, they did not proffer any explanation or excuse for the delay of almost eight months between the expiration of the 120-day period and the date of their cross motion requesting an extension of time. Rather, the plaintiffs merely noted that, under the former version of CPLR 306-b, Action No. 2 would have been timely commenced and served, since former CPLR

306-b provided that where an action was not served within the relevant 120-day period, it was "deemed dismissed," but that such a dismissal commenced the running of a second 120-day period in which to commence and serve a new action, which action would be timely if the initial action was timely. However, in contrast to the plaintiff in *Leader v Maroney, Ponzini & Spencer* (276 AD2d 194 [decided herewith]), the plaintiffs did not assert that they were unaware that CPLR 306-b had been amended before Action No. 1 was commenced or that they were proceeding in the erroneous belief that former CPLR 306-b was still in effect. Rather, the plaintiffs argued that, because their "service upon defendant was reasonably diligent" and the Statute of Limitations on their claims had otherwise run, the court should exercise its discretionary power under CPLR 306-b to grant an extension of time to serve the summons and complaint in Action No. 1 in the "interest of justice." We disagree and find no evidence that the interest of justice would be served by rewarding the plaintiffs' unexplained and unexcused complete lack of diligence.

The Legislature has not provided express guidance as to what factors are to be considered by the courts in exercising their discretionary power to grant an extension of time to serve process in an action under the interest of justice provision of CPLR 306-b. However, in a memorandum in support of the 1997 amendments, the Chief Administrative Judge, who proposed the amendments, asserted that they were intended to remedy certain unexpected consequences of the "deemed dismissed" provisions of (now former) CPLR 306-b, and to "accord New York courts the same type of flexibility [in granting extensions of time to serve an action] enjoyed by their Federal counterparts under section 4 (m) of the Federal Rules of Civil Procedure" (Mem of Off of Ct Admin No. 97-67R, 1997 NY Legis Ann, at 319). In applying the proposed new standard, the Chief Administrative Judge noted, it was contemplated that, where the Statute of Limitations had otherwise run on a claim, "extensions of time should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service" (Mem of Off of Ct Admin No. 97-67R, 1997 NY Legis Ann, at 319). He further noted that, although the proposed revised statute did not require that a motion for an extension of time to serve process in an action be made within the 120-day period, the courts "would consider the plaintiff's diligence in seeking an extension of time in making its decision as to whether the motion should be granted" (Mem of Off of Ct Admin No. 97-67R, 1997 NY Legis Ann, at 319).

In addition to this memorandum, there are several relevant general principles to be considered. The phrase "interest of justice" implies conditions "which assist, or are in aid of or in the furtherance of, justice [and] bring about the type of justice which results when law is correctly applied and administered" after consideration of the interests of both the litigants and society (*United States v National City Lines,* 7 FRD 393, 397 [internal quotations omitted]; *see, Bernstein v Strammiello,* 202 Misc 823). A proper exercise of discretion results from principled and supported determinations as to what is just and equitable under the law and all of the relevant facts and circumstances of a case (*see, Matter of Superintendent of Banks,* 207 NY 11; *Bernstein v Strammiello, supra;* Newman, New York Appellate Practice § 4.05 [1]; *see also, Langnes v Green,* 282 US 531; *United States v National City Lines, supra*). Here, but for the filing of Action No. 1, the plaintiffs would be in exactly the same position as any other litigant who failed to timely file and serve an action. Thus, it must be determined whether this provides a principled and supported basis for allowing the plaintiffs an extension of time to serve the summons and complaint in Action No. 1. We find that it does not.

Contrary to the plaintiffs' assertions, they set forth no basis for finding that they exercised any diligence in attempting to serve the defendant with the summons and complaint in Action No. 1. Indeed, as noted, they offered no excuse or explanation for not serving the defendant in Action No. 1 (which was commenced on the day before the applicable Statute of Limitations ran) within the relevant 120-day time period of CPLR 306-b, or for not seeking an extension of such time for almost eight months after the period expired. Rather, their argument appears to be that they should be granted such relief because they otherwise served the defendant with process in Action No. 2 within the 240-day time frame of former CPLR 306-b (although only by days), and because the Statute of Limitations on their claims has otherwise run. However, had the Legislature intended either factor, alone or in tandem, to be dispositive, it could have so provided. Rather, each is merely a factor to be weighed with other factors, such as the explanation proffered for the failure to have made service within the time limited, the promptness with which an extension of time was sought after the expiration of the 120-day period, and the prejudice to the defendant. The listed factors are not intended to be exhaustive, but are merely factors to be considered in determining whether the facts and circumstances as a whole

warrant discretionary relief pursuant to CPLR 306-b. Here, in light of the unexcused and unexplained delay on the part of the plaintiffs throughout, we find the fact that the summons and complaint in Action No. 2 were filed and served in compliance with former CPLR 306-b (which was, perhaps, a fortuitous event), and/or that the applicable Statute of Limitations has otherwise expired, an event due to no fault of the defendant, who did not receive notice of the plaintiffs' claims until almost three years after they accrued, is insufficient to warrant the granting of an extension of time to serve the defendants in Action No. 1 in the interest of justice (*see, Adams v AlliedSignal Gen. Aviation Avionics*, 74 F3d 882 [under rule 4 (m) of the Federal Rules of Civil Procedure, expiration of Statute of Limitations, although a factor, is not determinative of whether to grant discretionary extension of time to serve]; *Espinoza v United States*, 52 F3d 838 [same]; *Petrucelli v Bohringer & Ratzinger*, 46 F3d 1298 [same]).

Finally, we disagree with our dissenting colleagues that the matter should be remitted for further proceedings. This Court is vested with the same power and discretion as the Supreme Court, which discretion may be independently exercised (*see, Alliance Prop. Mgt. & Dev. v Andrews Ave. Equities*, 70 NY2d 831; *Broida v Bancroft*, 103 AD2d 88). Here, the plaintiffs, aware of the issues to be addressed, having raised them, had the opportunity to place all relevant evidence on the record made before the Supreme Court. Remittitur of the matter in order to afford them an additional opportunity to supplement the record is not warranted.

Accordingly, the order appealed from should be affirmed.

FLORIO, J. (dissenting.) I believe that the record is not sufficiently developed to enable this Court to properly determine whether the plaintiffs should be afforded an extension of time to serve the defendants in Action No. 1. Accordingly, I would remit this matter to the Supreme Court, Nassau County, to consider further submissions, and exercise its discretion as to whether an extension would be warranted in the interest of justice.

In this action, which was commenced less than one month after the amended CPLR 306-b went into effect, it appears that the plaintiffs' attorney was unaware that the "deemed dismissed" feature of the prior statute had been eliminated, and that the plaintiffs would no longer have a second 120-day period in which to commence a new action and complete service of process. With no caselaw to guide the parties in the first few

months after the new provision went into effect, the plaintiffs' attorney failed to fully articulate a basis for requesting an extension of time to serve in the interest of justice. Moreover, the Supreme Court denied the plaintiffs' cross motion for an extension of time to serve in Action No. 1 as academic, without considering the issue of whether an extension should be granted in the interest of justice as permitted by the amended CPLR 306-b. Considering the factual similarities between this case and the case of *Leader v Maroney, Ponzini & Spencer* (276 AD2d 194 [decided herewith]), the Legislative intent to liberally allow extensions of time where the Statute of Limitations has expired after filing, and the apparent lack of prejudice suffered by the defendant from the delay in effectuating service, under the circumstances of this case, I believe that it is appropriate to permit the parties to further develop the record and to allow the Supreme Court to exercise its discretion and determine the plaintiffs' cross motion for an extension of time on the merits (*see generally, Matter of Nationwide Ins. Co. v Miscione,* 267 AD2d 312; *Geiger v American Tobacco Co.,* 252 AD2d 474; *Aini v Garau,* 244 AD2d 442; *see also, Boley v Kaymark,* 123 F3d 756, 758). Accordingly, I would modify the order appealed from and remit the matter to the Supreme Court, Nassau County.

THOMPSON and SCHMIDT, JJ., concur with RITTER, J. P.; FLORIO and KRAUSMAN, JJ., dissent and vote to modify the order appealed from by deleting the provision thereof denying that branch of the cross motion which was, in effect, to extend the plaintiffs' time to serve the summons and complaint in Action No. 1 as academic, and to remit the matter to the Supreme Court, Nassau County, for further proceedings in accordance with the dissent, and to otherwise affirm the order, in a separate opinion by FLORIO, J.

Ordered that the order is affirmed, with costs.