*342 OPINION OF THE COURT
Richard Rivera, J.
Respondents have moved to vacate this court’s order of September 10, 2001 which was issued on default and granted petitioners’ motion pursuant to CPLR 306-b extending their time to serve process in this proceeding. The relevant facts are as follows.
Relevant Facts
This CPLR article 78 proceeding and declaratory judgment action challenges Division of Housing and Community Renewal’s (DHCR) promulgation of the new Rent Stabilization Code (RSC) (9 NYCRR parts 2520-2530) on the grounds that the new Code violates the State Administrative Procedure Act and the Rent Stabilization Law of 1969 (Administrative Code of City of NY, tit 26, ch 4 [RSL]). Petitioners filed their notice of petition and petition with the county clerk’s office on April 19, 2001, the last day for service of process before expiration of the applicable four-month statute of limitations for the article 78 proceeding. This filing constituted the “commencement” of the proceeding for statute of limitations purposes (CPLR 304). Thereafter, petitioners had 15 days to serve respondents, i.e., until May 5, 2001, pursuant to CPLR 306-b. Respondents do not deny that petitioners informed them on April 18, 2001 that they were filing this lawsuit.
Petitioners served process on April 19, 2001. Although they correctly served the New York State Attorney General’s Office at 120 Broadway in Manhattan, they incorrectly served respondents Lynch and DHCR at 55 Hansen Street in Brooklyn where they have a District Rent Office. The correct place for service of process upon respondents is 25 Beaver Street in Manhattan (Rent Stabilization Code [9 NYCRR] § 2530.1). Petitioners were not immediately aware of their error and did not attempt to re-serve respondents by May 5, 2001.
The petition was originally returnable on May 22, 2001 with answers due on May 21, 2001. Respondents do not dispute petitioners’ assertions that the return date was apparently adjourned to June 4, 2001 at which time attorneys for petitioners and respondents appeared and discussed an answering and briefing schedule. Nor do respondents dispute the assertion that neither they nor the Attorney General were contesting service upon DHCR. As a result of their discussions, the parties stipulated in writing that DHCR would have until August *343 17, 2001 to submit its answer and brief. Respondents do not dispute that the stipulation did not reserve any rights with respect to personal jurisdiction or service. Subsequently, the parties agreed to further extensions allowing DHCR until October 24, 2001 to file its answer and brief.
In June 2001, petitioners realized that they should have served DHCR at 25 Beaver Street, and they served DHCR at that address on June 13, 2001 apparently without leave of court. When DHCR refused to acknowledge the June 13, 2001 service as proper nunc pro tunc, petitioners moved this court on June 19, 2001 pursuant to CPLR 306-b to deem either their April 19 or June 13, 2001 service of process on DHCR as satisfactory. That motion was returnable on July 2, 2001, and respondents submitted opposition papers but did not appear on that day. Nevertheless, the motion was adjourned to September 10, 2001 when again respondents failed to appear. On that day, I granted petitioners’ motion on default to the extent of deeming the April 19, 2001 service on DHCR as proper.
By motion dated October 26, 2001, respondents moved to vacate my September 10, 2001 order. They explain their default on the grounds that they were under the misimpression that petitioners’ CPLR 306-b motion would be heard on September 24, 2001 together with the oral argument regarding the merits of petitioners’ petition, and that this is why they did not appear in court either on July 2 or September 10, 2001.
Respondents also argue that petitioners’ April 19, 2001 service of process was a nullity because it was not served at DHCR’s correct address, and they maintain that the June 13, 2001 service of process was also a nullity because it was beyond the CPLR 306-b 15-day grace period for service, and petitioners needed but did not request court approval as required by CPLR 306-b. If, as respondents contend, petitioners’ service of process was ineffective, then petitioners’ State Administrative Procedure Act claims and substantive challenges to the recently enacted Rent Stabilization Code would both be time barred.[1] Lastly, in support of their motion to vacate, respondents contend that there is no merit to petition *344 ers’ State Administrative Procedure Act or substantive challenges to the new Rent Stabilization Code.
Discussion
II. Petitioners’ CPLR 306-b Motion
Prior to July 1, 1992, actions and special proceedings were commenced in New York State courts by the service of a summons and complaint upon defendants or a notice of petition and petition upon respondents, respectively (CPLR 304; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C304:l). Service of process also tolled the applicable statute of limitations purposes (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C304:l).
Effective July 1, 1992, however, the Legislature “revolutionized civil practice” in the New York State Supreme and County Courts by, among other things, amending CPLR 304 to provide that actions and special proceedings would thereafter be commenced by the filing of the summons and complaint or notice of petition and petition with the clerk of the court. (CPLR 304; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C304:l.)[2] This is the so-called commencement by filing system. Since then, the “simple task of filing [is] the act that marks ‘interposition’ of the claim for Statute of Limi *345 tations purposes * * * with a follow-up grace period within which to effect service.” (Matter of Gershel v Porr, 89 NY2d 327, 330-331 [1996].) Stated another way, CPLR 304, as amended, has made life easier for plaintiffs and petitioners worried about the twin difficulties of an expiring statute of limitations and completing service of process upon defendants before the applicable statute of limitations expires. Now, such litigants may toll the statute of limitations merely by filing their summons and complaint or notice of petition and petition with the court before having to serve defendants or respondents (Matter of Gershel v Porr, 89 NY2d 327; Leader v Maroney, Ponzini & Spencer, 276 AD2d 194, 197 [2d Dept 2000], affd 97 NY2d 95 [2001]; Scarabaggio v Olympia & York Estates Co., 278 AD2d 476 [2d Dept 2000], affd 97 NY2d 95 [2001]; Hafkin v North Shore Univ. Hosp., 279 AD2d 86 [2d Dept 2000], affd 97 NY2d 95 [2001]; CPLR 203 [c] [1]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C304:l).
CPLR 306-b sets forth the time within which plaintiffs/ petitioners must serve defendants/respondents with process after filing their complaints. As amended effective January 1, 1998, this section provides in pertinent part that in actions or proceedings where the applicable statute of limitations is four months or less (as is the case here), plaintiffs must serve defendants or respondents with the summons and complaint or notice of petition and petition, as the case may be, not later than 15 days after the applicable statute of limitations expires. If plaintiffs miss this date, the court, upon motion, may dismiss the action without prejudice as to the moving defendant “or upon good cause shown or in the interest of justice, extend the time for service” (CPLR 306-b).
This “good cause”/“interest of justice” language is obviously important in those cases where, notwithstanding dismissal of the action or proceeding without prejudice due to late service, the statute of limitations has expired. In those situations, a dismissal without prejudice would be of small comfort since the filing of a new action would be untimely. The only way to avert dismissal and save the action would be through a judicial extension of the time to serve process. Plaintiffs/petitioners would have to request such an extension by motion and offer reasons that satisfy either the “good cause” or “interests of justice” standards contained at CPLR 306-b. Although CPLR 306-b does not list factors that would satisfy “good cause” and *346 “interests of justice,” the legislative history of this provision provides some helpful guides.
In proposing the current version of CPLR 306-b, the New York State Office of Court Administration (OCA) made clear in a memorandum submitted by the Chief Administrative Judge that this provision was modeled on rule 4 (m) of the Federal Rules of Civil Procedure (hereafter rule 4 [m]), and that its intent was to provide New York State courts with the same type of flexibility afforded to federal courts which also follow a “commencement by filing” system. (Leader v Maroney, Ponzini & Spencer, 276 AD2d at 197, affd 97 NY2d at 105; Hafkin v North Shore Univ. Hosp., 279 AD2d at 89, affd 97 NY2d at 105). Viewing rule 4 (m) and CPLR 306-b as parallel enactments, our courts have since then looked to federal court decisions for assistance when identifying the factors that might constitute “good cause” and “interests of justice” for CPLR 306-b purposes. (Busler v Corbett, 259 AD2d 13, 16 [4th Dept 1999]; Leader v Maroney, Ponzini & Spencer, 276 AD2d at 199, affd 97 NY2d at 105; Hafkin v North Shore Univ. Hosp., 279 AD2d at 91, affd 97 NY2d at 105; State of New York v Stella, 185 Misc 2d 549, 553 [Sup Ct, Albany County 2000].) Moreover, the Chief Administrative Judge’s memorandum clarified that, in cases where the statute of limitations had otherwise run on a claim, “extensions of time should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service.” (Hafkin v North Shore Univ. Hosp., at 89.)
Recently, the New York Court of Appeals has determined, upon a review of the legislative history of CPLR 306-b, “that ‘good cause’ and ‘interests of justice’ are to be treated as separate and distinct grounds for granting an extension of time to serve.” (Leader v Maroney, Ponzini & Spencer, 276 AD2d at 198, affd 97 NY2d at 105.) Citing a legislative report prepared by the New York State Bar Association’s Committee on Civil Practice Law and Rules with apparent approval, the Court of Appeals in Leader noted that since the term “good cause” does not include conduct usually characterized as “law office failure,” “proposed CPLR 306-b provides for an additional and broader standard, i.e., the ‘interest of justice,’ to accommodate late service that might be due to mistake, confusion or oversight, so long as there is no prejudice to the defendant.” (97 NY2d at 105.)
In applying the “good cause” standard under rule 4 (m), federal courts inquire whether (1) plaintiff made reasonable efforts to serve the defendant, and (2) the defendant was *347 prejudiced by the delay in service. (Bourdeau v Housing Works, 2001 WL 943316, 2001 US Dist LEXIS 5313 [SD NY, Apr. 20, 2001]; Rivera v Warden of M.C.C., 2000 WL 769206, *4, 2000 US Dist LEXIS 8212, *10 [SD NY, June 13, 2000]; Scally v Daniluk, 1997 WL 639036, *2,1997 US Dist LEXIS 15983, *9 [SD NY, Oct. 15, 1997]; National Union Fire Ins. Co. of Pittsburgh, Pa. v Sun, 1994 WL 463009, *3, 1994 US Dist LEXIS 11934, *6 [SD NY, Aug. 18, 1994].) In making this evaluation, federal courts generally find good cause “only in exceptional circumstances” where “the plaintiffs failure to serve process in a timely manner was the result of circumstances beyond its control.” (Shider v Communications Workers of Am., 1997 WL 470112, *7, 1997 US Dist LEXIS 12136, *17 [SD NY, Aug. 15, 1997]; Scally v Daniluk, supra, 1997 WL 639036, *2, 1997 US Dist LEXIS 15983, *9 [SD NY]; National Union Fire Ins. Co. v Sun, supra, 1994 WL 463009, *3, 1994 US Dist LEXIS 11934, *6 [SD NY 1994].) “[A]n attorney’s inadvertence, neglect, or mistake does not suffice to establish good cause for failure to make proper service * * * ” under rule 4 (m). (Myers v Secretary of Dept. of Treasury, 173 FRD 44, 47 [ED NY 1997]; McGregor v United States, 933 F2d 156, 160 [2d Cir 1991]; Lovelace v Acme Mkts., 820 F2d 81, 84 [3d Cir], cert denied 484 US 965 [1987].)
Even where good cause is not shown, federal courts applying rule 4 (m), like New York State guided by CPLR 306-b, have the discretion to extend a plaintiffs time to complete service in the exercise of their discretion. (Henderson v United States, 517 US 654, 658 n 5 [1996]; Myers v Secretary of Dept. of Treasury, supra at 48; Rupert v Metro-North Commuter R.R., 1996 WL 447745, *2, 1996 US Dist LEXIS 11292, *4 [SD NY, Aug. 7, 1996] [observing that “Indeed, most courts that have addressed the issue have concluded that Rule 4 (m) allows judges in their discretion to extend the time for service — even in the absence of good cause”].)
The federal analogue to CPLR 306-b’s “interests of justice” prong is the concept of “excusable neglect.” (Canfield v Van Atta Buick/GMC Truck, 127 F3d 248, 250 [2d Cir 1997].) Excusable neglect encompasses “inadvertence, carelessness, and mistake” (id.). Whether the neglect is excusable “is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party’s omission.” (Id. at 250 [internal quotation marks omitted]; Pioneer Inv. Servs. Co. v Brunswick Assoc. Ltd. Partnership, 507 US 380, 388 [1993]; Lucas v Educational Alliance, 1999 WL 287330, *1, 1999 US *348 Dist LEXIS 6612, *2 [SD NY, Mar. 7, 1999]; Myers v Secretary of Dept. of Treasury, supra at 47.) Some of the relevant circumstances include (1) prejudice to the adversary, (2) the length of the delay, (3) the reason for the error, (4) the potential impact on the judicial proceedings, (5) whether the delay was within the “reasonable control of the movant,” (6) whether the movant acted in good faith (Pioneer Inv. Servs. Co. v Brunswick Assoc. Ltd. Partnership, 507 US at 395), (7) whether dismissal of the action would bar a new action due to expiration of the statute of limitations (Myers v Secretary of Dept. of Treasury, supra at 47; Valentin v Commissioner of Social Servs., 2000 WL 1727710, 2000 US Dist LEXIS 16948 [SD NY, Nov. 21, 2000]; Insurance Co. of N. Am. v MIV Greenland SAGA, 1997 WL 2519, 1997 US Dist LEXIS 1 [SD NY, Jan. 2, 1997]), and (8) whether plaintiff was proceeding pro se (Lucas v Educational Alliance, supra; Wilson v Time Warner, 1999 WL 130654, 1999 US Dist LEXIS 2677 [SD NY, Mar. 10, 1999]; Scally v Daniluk, supra; Bourdeau v Housing Works; Shider v Communications Workers of Am., supra). Excusable neglect will not be found where there has been abuse by the parties. (Canfield v Van Atta Buick/GMC Truck, supra at 250.)
Federal courts have found excusable neglect and granted extensions in the time to serve process under rule 4 (m) even where attorneys have been neglectful in serving process pursuant to rale 4 (m). See, for example, Myers v Secretary of Dept. of Treasury (supra [court extends plaintiff’s time to serve previously unserved and statutorily necessary governmental defendants in a civil rights action despite the absence of good cause where dismissal would bar refiling of the lawsuit because the statute of limitations had expired]); Valentin v Commissioner of Social Servs. (supra [court would extend time to serve process although plaintiff’s counsel in this Social Security disability proceeding had been “inexcusably derelict” in serving defendant commissioner almost nine months late, but the court reserved decision pending factual determination regarding defendant’s claim of prejudice on the ground that necessary governmental records might no longer be available]); Insurance Co. of N. Am. v M/V Greenland SAGA (supra [court finds both good cause and excusable neglect where plaintiffs failure to serve defendant was due to circumstances beyond its control, i.e., good cause, and, alternatively, dismissal would bar refiling of the action due to the passage of the statute of limitations, i.e., excusable neglect]). But see, Alexander v Forest City Pierrepont Assoc. (supra [court denies application to extend time *349 for service on excusable neglect grounds where attorney knew that the first attempted service had failed before the expiration of the time to complete service, the attorney did not act promptly to either attempt reservice within the remaining period or seek a judicial extension of time to serve process, the attorney did nothing to discover defendant’s correct address which was listed in a public phone book, and the attorney offered no cogent reasons for waiting several months prior to requesting the court’s extension of the time to serve process]).
New York courts have followed similar approaches under CPLR 306-b. In Busier v Corbett (supra), for example, the Court granted plaintiff’s application to extend the time for service under the interests of justice standard contained in CPLR 306-b where her attorney commenced the action six days before the expiration of the statute of limitations but failed to serve defendants until 28 days after the statutorily permissible time for service. In granting the application, the Court relied upon federal precedent favoring the granting of extensions where dismissal would bar the action on statute of limitations grounds. The Court also noted the policy preference expressed in the CPLR 306-b’s legislative history for liberally granting extensions to serve process in the interest of justice “whenever plaintiffs have been reasonably diligent in attempting service” (Busier at 16 [emphasis added]). Reasoning that “diligent” yet unsuccessful efforts at service support the granting of extensions for service for “good cause,” the Busier Court concluded that lesser diligence (i.e., “reasonable diligence”) should be evaluated under the interest of justice standard. In that case, the Court found that plaintiff had not articulated good cause; however, it granted the extension because plaintiff commenced her action timely, her claim would be extinguished under the applicable statute of limitations if the extension were denied, she served defendants only 28 days after expiration of the statutory period for service of process, plaintiff promptly moved for an extension of the time to serve nunc pro tunc, and defendants did not demonstrate that the extension would cause them prejudice. In this regard, defendants had argued that granting the extension would deprive them of their otherwise viable statute of limitations defense, and that this was prejudice. The Court ruled, however, that “prejudice” for CPLR 306-b purposes requires a showing that the extension would impair “defendant’s ability to defend on the merits, rather than [merely cause the loss of] such a procedural or technical advantage.” (Id. at 16 [internal quotation marks omitted].)
*350 In Leader v Maroney, Ponzini & Spencer (supra), the Appellate Division, Second. Department, granted leave to serve process in the interest of justice almost eight months after the applicable statute of limitations had expired where failure to serve in the time required was due to counsel’s mistaken belief that the original version of CPLR 306-b (under which service in the case would have been timely) was still in effect. The Court reasoned that dismissal of the action for this reason would have barred a new action on statute of limitations grounds, and that, under the facts of the case, “liberality would seem particularly appropriate as no more than 240 days have elapsed since the expiration of the Statute of Limitations” and plaintiff’s service of process would have been timely under the original version of CPLR 306-b. (Id. at 200.)
Scarabaggio v Olympia & York Estates Co. (supra) is in accord. There, the Appellate Division granted an extension for service of process in the interest of justice where one of the defendants had not been served, dismissal would bar a new action on statute of limitations grounds, plaintiff promptly moved for an extension after discovering that defendant had not been timely served, and defendant failed to demonstrate prejudice. Indeed, from the Court of Appeals’ recitation of the facts, it appears to have been significant that defendant’s insurer had actual notice of plaintiffs substantive claims before her attorney promptly moved for an extension of time within which to serve process and had communicated with plaintiff’s counsel regarding the merits of plaintiff’s claims. (Scarabaggio v Olympia & York Estates Co., 97 NY2d at 106.) These facts appeared to belie defendant’s later claims of prejudice.
In Hafkin v North Shore Univ. Hosp. (supra), the Second Department agreed that in considering extensions in the interest of justice courts should look at the totality of circumstances such as (1) the expiration of the statute of limitations, (2) the explanation given for the late service, (3) the promptness with which plaintiff sought judicial extension of the time to serve, and (4) any prejudice to defendant. (Id. at 90.) According to the Court, these “factors are not intended to be exhaustive, but are merely factors to be considered in determining whether the facts and circumstances as a whole warrant discretionary relief pursuant to CPLR 306-b” (at 90-91). Applying this approach, the Hafkin Court denied the discretionary extension because plaintiffs attorneys did not offer any explanation or excuse for delaying almost eight months between their failed service of process and their motion seeking an extension of the time to *351 serve, nor did they claim to be unaware of the provisions of the amended version of CPLR 306-b or that they mistakenly proceeded under the provisions of former CPLR 306-b; rather, they merely argued that “because their ‘service upon defendant was reasonably diligent’ and the Statute of Limitations on their claims had otherwise run, the court should exercise its discretionary power under CPLR 306-b to grant an extension of time to serve the summons and complaint * * * in the ‘interest of justice.’ ” (Id. at 89.) The Court disagreed that the attorneys acted in a “reasonably diligent” manner in attempting service of process, and determined that the attorneys had not offered any other equitable explanations. Under these circumstances, plaintiffs were not entitled to the discretionary extension.
In affirming the Leader, Scarabaggio and Hafkin cases, the New York Court of Appeals confirmed that CPLR 306-b “empowers a court faced with the dismissal of a viable claim to consider any factor relevant to the exercise of its discretion [under the interest of justice standard]. No one factor is determinative — the calculus of the court’s decision is dependent on the competing interests of the litigants and a clearly expressed desire by the Legislature that the interests of justice be served.” (97 NY2d at 106.) Importantly, in this regard, the Court of Appeals clarified that for interest of justice analysis plaintiffs need not demonstrate “reasonable diligence” in the first instance as a trigger for further evaluation of other equitable factors. Rather, the Court held that “under the interest of justice standard, a showing of reasonable diligence in attempting to effect service is not a ‘gatekeeper.’ It is simply one of many relevant factors to be considered by the court.” (97 NY2d at 104.) In other words, when considering the interest of justice, courts should view “diligence” as part of a mix of considerations which may include, among other factors, whether the statute of limitations has expired, the meritorious nature of plaintiff’s claims, the length of delay in service, the promptness of plaintiffs request for the extension of time to serve, and any prejudice to the defendant. (97 NY2d at 105.) Courts may look to federal case law for guidance as to other relevant factors. (Id.)
With this in mind, it is apparent that petitioners in this case have not demonstrated good cause for having failed to serve DHCR at 25 Beaver Street as required by RSC § 2530.1. Mere law office failure, mistake, or inadvertence do not satisfy the good cause standard under either federal or state precedent or legislative history.
*352 Nevertheless, considering the totality of circumstances, petitioners are entitled to the extension under the interest of justice prong of CPLR 306-b. Petitioners filed this case timely for statute of limitations purposes. Although they served DHCR at the wrong address, they personally informed the agency about the lawsuit the day before they filed it, and they correctly served the New York State Attorney General who will represent DHCR in this proceeding. And, while service at 55 Hansen Street on April 19, 2001 was at the wrong address, it would have been timely at least as to the State Administrative Procedure Act claims under CPLR 306-b had it been at the correct address. Although respondents appear to suggest that service at their local rent office at 55 Hansen Place was not likely to insure that DHCR’s attorney would receive those papers, they do not dispute that they had a copy of petitioners’ notice of petition and petition on June 4, 2001 when they discussed the answering and briefing schedule with petitioners in court. Similarly, although the June 13, 2001 service at DHCR’s correct address was beyond CPLR 306-b’s 15-day grace for service and was effectuated without court approval, it nevertheless shows petitioners’ awareness of their error less than two months after the initial service, and their prompt efforts to correct it. Indeed, this service was just 39 days beyond their service deadline (i.e., May 5, 2001) under CPLR 306-b. Moreover, petitioners promptly moved on June 19, 2001 for leave to correctly re-serve DHCR soon after learning of their mistake, just 45 days after the expiration of their CPLR 306-b deadline for service. These are not the half-hearted actions of litigants who are dragging their feet or acting in bad faith as respondents contend; rather, they demonstrate good faith efforts to correct their mistake once they learned of it. In addition, it appears that petitioners have asserted facially significant claims with broad public implications for all concerned. To deny petitioners’ application for an extension of time within which to serve process would bar them from litigating some or all of these claims. On the facts presented, this would be an unnecessary and overly harsh result.
This is especially true since DHCR has not demonstrated how they would be prejudiced by the granting of petitioners’ CPLR 306-b motion. When they met with petitioners’ attorneys in court on June 4, 2001, they had petitioners’ pleadings and were therefore aware of petitioners’ claims in this litigation. Since petitioners did not attempt a second service of process until June 13, 2001, it would appear that these were the papers *353 that petitioners served, either on the Attorney General or DHCR’s local rent office on April 19, 2001. Moreover, in various communications with petitioners’ attorneys, DHCR requested and received several extensions of time within which to file their answer and briefs. Indeed, DHCR does not claim that its failure to appear in court on July 2 and September 10, 2001 was in any way related to the claimed defective service of process; rather, it seems to have been the result of DHCR’s own inadvertence and mistakes. Nor does DHCR claim that petitioners misinformed it in any way regarding the need to appear on those court dates. And, although it appeared that communications between DHCR’s and petitioners’ attorneys were relatively cordial, DHCR does not claim that it attempted to verify the status of petitioners’ CPLR 306-b motion either through petitioners’ attorneys or the court or that it informed petitioners of its intention not to appear on those court dates.
Significantly, the only prejudice DHCR claims is that by granting petitioners’ request for an extension, this court has deprived it of its statute of limitations defense in this proceeding. However, as already noted, the loss of this procedural or technical advantage does not articulate the type of prejudice required to defeat a motion to extend the time to serve process under the interest of justice prong of CPLR 306-b. (Busler v Corbett, supra.)
Conclusion
Accordingly, respondents’ motion to vacate their September 10, 2001 default is granted. In addition, petitioners’ motion to extend their time for service under CPLR 306-b is also granted, and in the interests of justice, their June 13, 2001 service upon respondents at 25 Beaver Street is deemed proper pursuant to CPLR 306-b.

. The parties appear to agree that petitioners’ State Administrative Procedure Act claims are subject to a four-month statute of limitations which would be measured from December 20, 2001, the effective date of the challenged RSC. In addition, respondents contend that petitioners had 60 days from December 20, 2001 to bring their substantive challenge to the new Code pursuant to RSL § 26-516 (d). Since April 19, 2001 is beyond these 60 days, DHCR maintains that these claims would be time barred even if the April *344 19, 2001 service is deemed proper. This issue will be discussed at the oral argument scheduled in this litigation for January 25, 2002.

. CPLR 304 also applies to special proceedings commenced in the Appellate Division of the Supreme Court, but it does not apply to the New York City Civil Court, the City Courts, the District Courts, and the Justice Courts where actions must still be commenced by the traditional method of serving process on defendants. In these courts of limited jurisdiction, compliance with the applicable statute of limitations continues to be measured by the service of process. Moreover, commencement by filing procedures in the Surrogate’s Court are governed by Surrogate’s Court Procedure Act § 301. (Sie- *345 gel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C304:l.)