[696 NYS2d 615]

Susanne L. Busler, Appellant, v Peter F. Corbett et al., Respondents.

Fourth Department, October 1, 1999

14

**APPEARANCES OF COUNSEL**

*Swartz, Evans, Dickenson & Timmermann,* Watertown (*Eric T. Swartz* of counsel), for appellant.

*Conboy, McKay, Bachman & Kendall,* Watertown (*John V. Hartzell* of counsel), for respondents.

**OPINION OF THE COURT**

SCUDDER, J.

The issue presented on this appeal is whether pursuant to CPLR 306-b Supreme Court abused its discretion by denying plaintiff's motion to extend the time to serve defendants nunc pro tunc in the interest of justice. For the reasons that follow, we conclude that the court should have granted plaintiff's motion.

On April 7, 1995, while driving his sister's truck, defendant Peter F. Corbett struck plaintiff's vehicle from the rear while plaintiff was stopped at a traffic light. On April 1, 1998, six days before the expiration of the Statute of Limitations, plaintiff commenced this negligence action. Plaintiff's counsel instructed the process server to serve Peter Corbett before serving defendant Teresa A. Corbett because he believed that Peter might attempt to evade service. The process server was unable to locate Peter Corbett until August 27, 1998. Both defendants were served on August 28, 1998, approximately 28 days after the expiration of the 120-day period provided by CPLR 306-b for service of defendants.

By order to show cause dated September 4, 1998, plaintiff sought permission to extend the time to serve defendants nunc pro tunc pursuant to CPLR 306-b. The court denied plaintiff's motion and granted defendants' cross motion to dismiss the complaint. The court determined that plaintiff failed to establish good cause for her failure to serve defendants prior to the expiration of the Statute of Limitations and declined to grant the extension in the interest of justice on the ground that defendants would be prejudiced if plaintiff was permitted to proceed after the expiration of the Statute of Limitations.

Pursuant to CPLR 306-b, as amended effective January 1, 1998, plaintiff was required to serve defendants within 120 days of the commencement of the action. "If service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (CPLR 306-b).

Therefore, in order for plaintiff to prevail, she had to establish either that she had good cause for her failure to serve defendants within 120 days of the commencement of the action, or that the court should grant the extension in the interest of justice.

We conclude that, on the facts of this case, the court properly determined that plaintiff failed to establish good cause for her failure to serve defendants during the statutory period. The process server attempted to serve Peter Corbett at the Patricia Drive address that was included in the accident report from April 1995. On the third visit, he looked in the windows and determined that the house was vacant. Plaintiff's counsel unsuccessfully attempted to obtain a forwarding address and a telephone number. Operating under the mistaken assumption that Teresa Corbett was Peter's estranged wife, the process server watched her home on two occasions in an attempt to locate Peter. The process server observed that there was a realtor's sign at the Patricia Drive address and contacted the realtor in an effort to locate Peter Corbett. The realtor informed the process server that the current owners who were listing the property had purchased it from Peter Corbett. Finally, on August 27, 1998, after inquiring at a local diner, the process server learned Peter Corbett's address.

Although the process server did attempt to locate Peter Corbett, he failed to utilize several methods that would have been successful. Plaintiff was aware that Peter Corbett had served an intermittent term of incarceration as a consequence of the accident that was the subject of the lawsuit, but the Sheriff's Department was not asked to provide his address. The process server did not ask Peter Corbett's former neighbors whether they knew his new address, nor did the process server check the records of the Department of Motor Vehicles. He did not check either the recorded transfer of the Patricia Drive residence or the real property tax records. Finally, Peter Corbett had been employed with the same company for 10 years, but the process server made no attempt to serve him at his place of employment.

Plaintiff also made no attempt to serve Teresa Corbett prior to August 28, 1998, although her address and place of employment were known during the entire 120-day period.

We conclude, however, that the court should have granted plaintiff's motion in the interest of justice (see, CPLR 306-b). There are no appellate cases in New York that consider the extension provision of CPLR 306-b, permitting the court to

grant an extension of time to serve defendants for good cause or in the interest of justice. The legislative history indicates that the Legislature intended that CPLR 306-b provide our courts with the flexibility available to our Federal counterparts. Thus, the provisions of CPLR 306-b are parallel to those in rule 4 (m) of the Federal Rules of Civil Procedure (*see,* Mem of Off of Ct Admin in Support of L 1997, ch 476, 1997 NY Legis Ann, at 318), and we therefore look to Federal cases for guidance.

In *Boley v Kaymark* (123 F3d 756, 758-759, *cert denied* 522 US 1109), the Court of Appeals, Third Circuit, concluded that, although the District Court properly determined that there was no good cause for the failure to serve defendant within 120 days, it erred by determining that an extension would result in prejudice to defendant because the Statute of Limitations had expired. The court concluded that the District Court erroneously denied the motion in the exercise of its discretion because the expiration of the Statute of Limitations, standing alone, was insufficient to support a finding of prejudice to defendant. The court noted that "prejudice 'involves impairment of defendant's ability to defend on the merits, rather than foregoing such a procedural or technical advantage'. *National Union Fire Ins. Co. v Barney Assoc.,* 130 F.R.D. 291, 294 (S.D.N. Y.1990)" (*Boley v Kaymark, supra,* at 759; *see also, In re Kasal,* 213 Bankr 922, 928, *affd sub nom. Casey v Kasal,* 223 Bankr 879). The Court of Appeals remanded the case to the District Court to reconsider the motion.

Defendants contend that they will be prejudiced if the extension is granted because the Statute of Limitations has expired. Both Federal precedent and legislative history, however, support the position that plaintiff is not automatically prevented from pursuing her claim because the Statute of Limitations has expired. In fact, a legislative memorandum in support of the legislation notes that the denial of the extension in this situation would be "fatal to a plaintiff's claim. It is for this reason that we believe that extensions of time should be liberally granted whenever plaintiffs have been reasonably diligent in attempting service" (1997 NY Legis Ann, *op. cit.,* at 319). If plaintiff diligently attempted to serve defendants, but was unsuccessful, the court would have grounds to grant the extension for good cause. It is only when there is no good cause that a court should determine whether the extension should be granted in the interest of justice (*see, Boley v Kaymark, supra,* at 758).

Thus, although plaintiff did not establish good cause for her failure to serve defendants within the 120-day period, we determine that the extension should have been granted in the interest of justice. Plaintiff established that her claim would be extinguished without the extension because the Statute of Limitations had expired; that defendants were served only 28 days after the expiration of the statutory period for service; and that she promptly moved for an extension nunc pro tunc.

Although there was no attempt to serve Teresa Corbett prior to the expiration of the 120-day period, the extension should have been granted in the interest of justice. This action was commenced within the statutory period, and there is no demonstrable prejudice to Teresa Corbett that would militate against granting the extension of time to serve her.

In the absence of prejudice to defendants, it would be unjust to deprive plaintiff of the opportunity to prove her claims against both defendants. Accordingly, defendants' cross motion to dismiss the complaint should be denied, the complaint reinstated and plaintiff's motion to extend the time to serve defendants granted nunc pro tunc.

DENMAN, P. J., GREEN, HAYES and PIGOTT, JR., JJ., concur.

Order unanimously reversed, on the law, without costs, cross motion denied, complaint reinstated and motion granted.