OPINION OF THE COURT
Joseph R. Cannizzaro, J.
This action arises out of defendant Sella’s failure to reimburse the State of New York for educational loans which she was extended in order to attend medical school. The plaintiff moves pursuant to CPLR 306-b, 2001 and 2004 for an order extending the time for service of the summons with notice beyond the 120-day period prescribed by CPLR 306-b nunc pro tunc for good cause shown and in the interest of justice, and directing that the service which had already been made on defendant 46 days beyond the 120-day period be deemed timely. Defendant opposes the motion and cross-moves to dismiss the action pursuant to CPLR 306-b for plaintiffs failure to timely serve her within 120 days.
The parties entered a contract dated June 21, 1982, which provided that the sum of $24,000 would be paid to the Sackler School of Medicine for the period from 1982 through 1985 for defendant’s graduate educational costs. In return, defendant was obligated to practice medicine for at least three years in an area of New York State designated as having a physician shortage. The three-year term was to begin no later than one year after the completion of her professional training. The contract indicates that the completion of professional training "shall be considered to be the completion of all internships and residencies normally required by the recipient’s field of specialization.” In addition, the contract indicates that if defendant cancels or withdraws her agreement to practice medicine *551 in an area designated as having a shortage of physicians before graduating from medical school, or if the defendant fails to comply with the requirements concerning practicing for three years upon completion of her professional training, defendant is required to reimburse the plaintiff an amount determined by a specified formula in the contract within one year of the date the defendant “breaks” the contract. Finally, the contract states that “upon a showing satisfactory to the Commissioner by a student that such reimbursement will be a hardship, the Commissioner may, in his discretion, waive the requirement of reimbursement.”
By letter dated July 7, 1993, written to the New York State Education Department, defendant indicated that her residency in California was to be completed “shortly” and that she did not intend to return to New York to fulfill her three-year practice obligation. Rather, defendant expressed her desire to repay her education loans in order to satisfy her obligation to New York State under the contract. Defendant, however, requested that the State make a “hardship” exception in her case permitting her to repay only a part of the amount owed due to the fact that Dr. Sella intended “to pursue a career centering upon the provision of medical services to less advantaged individuals,” and did “not anticipate earning a sizable annual income.”
By letter dated July 23, 1993, plaintiff notified defendant that it would not accept less than the full amount owed and that it was forwarding the matter to the Attorney General. A letter dated December 4, 1998, from defendant’s counsel to the Attorney General, indicates that discussions between the parties concerning defendant’s obligation to repay her graduate loans continued through at least August 1, 1996, with plaintiff allegedly agreeing to “not take any action whatsoever” until the parties had an opportunity “to fully discuss the matter.” Neither party apparently did anything further until plaintiff commenced the instant action by filing a summons with notice on May 21, 1998. Defendant was personally served with the summons with notice on November 3, 1998, 46 days beyond the 120-day time period prescribed by CPLR 306-b.
Plaintiff had filed a motion to extend the time for service on November 17, 1998, but withdrew the motion at the request of defendant’s counsel based on representations that he was appearing on behalf of defendant and wanted to further discuss settlement of the matter. The parties agreed that plaintiff would refile the motion if it became necessary. By letter dated *552 January 8, 1999, plaintiff requested information regarding defendant’s medical training and practice subsequent to graduating from medical school in order to determine whether her medical practice fulfilled any or part of the service requirements under the Medical Contract Program. Defendant was given 30 days within which to provide the information. Plaintiff contends that when defendant failed to provide plaintiff with any requested information, plaintiff renewed the motion to extend the time for service. The motion papers indicate that plaintiff refiled the motion on April 3, 2000.
At the outset, defendant contends that the instant action should be dismissed because her obligation to reimburse New York State has been waived in accordance with Education Law § 673 as amended by Laws of 1993 (ch 619, §§ 3, 4). The court finds this contention to be without merit. The statute clearly excused individuals who had not obtained their medical degrees as of July 1, 1993, from the requirement of reimbursement. However, defendant graduated from medical school in 1986. Defendant, therefore, was not relieved of her contractual obligation to reimburse plaintiff as a matter of law.
Turning to the issue of whether time for service should be extended, CPLR 306-b states in pertinent part that: “[i]f service is not made upon a defendant within the time provided in this section, the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service.”
Pursuant to CPLR 306-b, plaintiff was required to serve defendant within 120 days of filing the summons with notice. Therefore, plaintiff had to serve defendant by no later than September 18, 1998. Having failed to do so, in order to get an extension of time to serve defendant, plaintiff had to establish either that it had good cause for the failure to serve defendant within 120 days, or that the court should grant the extension in the interests of justice. (See, Busler v Corbett, 259 AD2d 13, 14-15 [4th Dept 1999].) However, as the Fourth Department found in Busler v Corbett, there is a dearth of cases in New York that have considered the extension provision of CPLR 306-b, and interpreted what constitutes “good cause” or “in the interest of justice.” This prompted the Fourth Department to consider the legislative history of CPLR 306-b which indicates that the Legislature intended that CPLR 306-b provide New York courts with the same type of flexibility available to Federal courts under Federal Rules of Civil Procedure, rule 4 (m). Finding that the provisions of CPLR 306-b are parallel to *553 those in rule 4 (m), the Fourth Department decided to look to Federal case law for guidance. (Busler v Corbett, supra, at 15-16; see also, Alexander, 1997 Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 306-b, 2000 Pocket Part, at 172-173.)
In view of Busler v Corbett (supra), this court has also decided to look to Federal case law to determine whether an extension should be granted. To determine the existence of good cause, Federal courts consider the following three factors: (1) the reasonableness of plaintiffs efforts to effect service; (2) prejudice to the defendant due to lack of timely service; and (3) whether plaintiff moved for an enlargement of time to serve. (See, Echevarria v Department of Correctional Servs., 48 F Supp 2d 388, 392 [SD NY 1999]; MCI Telecommunications Corp. v Teleconcepts, Inc., 71 F3d 1086, 1097 [3d Cir 1995], cert denied 519 US 815 [1996].) Good cause is generally found only in exceptional circumstances where the plaintiff’s failure to serve process in a timely manner was the result of circumstances beyond its control. (Eastern Refractories Co. v Forty Eight Insulations, 187 FRD 503, 505 [SD NY 1999].) An attorney’s inadvertence, neglect, mistake or misplaced reliance does not constitute good cause. (Id.)
To demonstrate good cause here, plaintiff asserts that time to serve defendant was lost due to defendant’s failure to notify plaintiff of her changes in address. Plaintiff contends that it had to trace defendant’s current address using the computer locator services of the New York State Office of the Attorney General, the United States Post Office, Equifax and Experian Social Search, and the State of California Department of Motor Vehicles. As a result, plaintiff asserts that it exercised due diligence to locate defendant and serve her as soon as possible after the summons with notice was filed.
The court finds, however, that plaintiff failed to make reasonable efforts to timely serve the defendant with the summons with notice. The proof submitted by plaintiff indicates that plaintiff had the results of defendant’s address trace in its possession by the end of July 1998, but that plaintiff, by its own admission, did not transmit the address information with the papers to be served to the process server until September 18, 1998, the day of the expiration of the 120-day time period. Plaintiff does not offer an excuse for this delay. Nor has plaintiff offered any explanation for the process server’s 46-day delay in serving plaintiff. Clearly, plaintiffs failure to serve process in a timely manner was not the result of circumstances beyond its control.
*554 As for prejudice, this factor involves the impairment of defendant’s ability to defend on the merits due to late service. (Busler v Corbett, supra; Boley v Kaymark, 123 F3d 756, 759 [3d Cir 1997].) Except for defendant’s unsubstantiated allegations of prejudice, there is nothing in the record that evidences that witnesses or documents will not be available to defendant or that her defense will be impaired in some other way. (See, e.g., Boley v Kaymark, supra.) Nor can the court conceive of any way in which the defendant will be prejudiced. The court finds, therefore, that defendant was not prejudiced by the late service. However, the absence of prejudice alone can never constitute good cause to excuse late service. (See, MCI Telecommunications Corp. v Teleconcepts, Inc., supra.) The court must consider the other factors.
The fact that plaintiff promptly moved for an extension of time to serve defendant would typically carry some weight, but does not in this instance due to the fact that plaintiff waited more than a year to refile the motion after the medical information requested of defendant was not forthcoming. Plaintiff fails to offer any explanation for this lengthy delay as well. In short, nothing in the record presents any explanation as to what, if any, circumstances constitute sufficient good cause to excuse plaintiffs lack of diligence and the late service of process.
Nevertheless, even if there is no good cause shown, a court may grant an extension under CPLR 306-b in the interests of justice. (See, Busler v Corbett, supra.) The interests of justice standard is akin to the discretion provided to Federal courts under rule 4 (m) to extend the time for service absent a showing of good cause. (See, Busler v Corbett, supra; MCI Telecommunications Corp. v Teleconcepts, Inc., supra, at 1098; Eastern Refractories Co. v Forty Eight Insulations, supra, at 506.) Under the Federal rule, the factors that Federal courts consider are: (1) whether the applicable Statute of Limitations would bar the refiled action; (2) whether the defendant, had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiffs request for relief from the provision. (Eastern Refractories Co. v Forty Eight Insulations, supra.) Upon consideration of such factors here, the court finds that an extension is warranted.
First, the Statute of Limitations in this action may have expired during the pendency of the motion and cross motion *555 depending on when the defendant completed her residency. The contract required defendant to commence her three-year term in New York within one year after the completion of her residency. Therefore, defendant did not “break” the contract until one year from the date her residency ended and she failed to commence her three-year term. Thus, sometime after July 7, 1994, defendant defaulted on her contract obligation. In view of the six-year Statute of Limitations which governs here, plaintiff had to commence this action by sometime after July 7, 2000. (See, CPLR 213 [2].) Because defendant has conspicuously failed to submit any proof of when defendant’s residency ended, a denial of plaintiff’s motion to extend the time of service could result in an end to the litigation. Such a fact inures to the benefit of the plaintiff, weighing in favor of the granting of an extension. (See, Busler v Corbett, supra; Boley v Kaymark, supra; MCI Telecommunications Corp. v Teleconcepts, Inc., supra, at 1098; Blandford v Broome County Govt., 193 FRD 65 [ND NY 2000].)
Second, defendant has had actual notice of the claims against her since she was actually served with process, albeit 46 days late. Moreover, defendant would be hard pressed to claim any surprise in view of all of the correspondence sent from plaintiff to defendant since July 23, 1993, repeatedly reminding defendant that her failure to pay back her loans would result in an action against her. In fact, the correspondence between the parties indicates that defendant has been fending off the commencement of an action for years in the hopes that the matter could be settled.
Third, defendant will not be prejudiced by the granting of an extension. As discussed above, no prejudice has been demonstrated, nor does the court find any prejudice. Furthermore, this court recognizes a compelling State interest in having graduate educational loans paid back. Defendant herself has clearly recognized her contracted obligation to repay these loans and yet has engaged in a decade-long campaign to avoid repaying the full amount owed. This is all too common an occurrence and will not be condoned by this court. (See, e.g., New York State Higher Educ. Servs. Corp. v O’Donnell, 119 Misc 2d 1001 [Civ Ct, Kings County 1983].)
Lastly, although the court finds that defendant has done nothing to conceal the fact of late service, this factor does not outweigh the other considerations discussed. In fact, the totality of the circumstances in this case does not mandate a dismissal of the action. Rather, in the interests of justice, the *556 court finds that the action was timely commenced as of May 21, 1998, and that the time for service should be extended, nunc pro tunc, to render service upon defendant Dr. Sella on November 3, 1998, timely.
Accordingly, pursuant to CPLR 306-b, the court extends the time for service of the summons with notice upon defendant to and including November 3, 1998. Plaintiffs motion for an order extending the time for service of the summons with notice nunc pro tunc and directing that service on defendant be deemed timely is granted. Defendant’s motion to dismiss the action is denied.