■ HUGO BEAUGE et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [722 NYS2d 402] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 13, 2000, which denied the motion of the defendant New York City Transit Authority to vacate an ex parte order of the same court, dated May 17, 2000, granting the plaintiffs an extension of time to serve the summons and complaint pursuant to CPLR 306-b and to dismiss the complaint insofar as asserted against it.

Ordered that the appeal by the defendant Jerome Williams is dismissed, without costs or disbursements, as he is not aggrieved by the order appealed from (see, CPLR 5511); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the plaintiffs are awarded one bill of costs.

The Supreme Court providently exercised its discretion in granting the plaintiffs an extension of time to serve the summons and complaint upon the defendant New York City Transit Authority (hereinafter the Transit Authority) in the interest of justice pursuant to CPLR 306-b (see, Leader v Maroney, Ponzini & Spencer, 276 AD2d 194; Scarabaggio v Olympia & York Estates Co., 278 AD2d 476; Busler v Corbett, 259 AD2d 13). While the action was timely commenced, the plaintiffs' claims would be extinguished without an extension since the Statute of Limitations has expired. Further, the Transit Authority received actual notice of the claim approximately two months after accrual and did not demonstrate any prejudice attributable to the delay in service (see, Leader v Maroney, Ponzini & Spencer, supra; Scarabaggio v Olympia & York Estates Co., supra; Busler v Corbett, supra). Santucci, J. P., Altman, Florio and Luciano, JJ., concur.