◼ Luis A. Otero, Appellant, v Flushing Hospital et al., Defendants, and Suman Patel, Respondent. [751 NYS2d 883] —In a medical malpractice action, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Price, J.), dated October 5, 2001, which, upon so much of an order of the same court, dated July 23, 2001, as denied that branch of his motion which was pursuant to CPLR 306-b for an extension of time to serve process upon the defendant Suman Patel in the interest of justice, dismissed the action insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

Approximately 13 years after the alleged medical malpractice occurred, three years after an index number was purchased, and two years after the relevant statute of limitation expired after a toll for the plaintiff's infancy (*see* CPLR 208),

the plaintiff moved, inter alia, pursuant to CPLR 306-b for an extension of time to serve process upon the defendant Suman Patel, in the interest of justice. However, other than the expiration of the relevant statute of limitation, the plaintiff did not demonstrate facts and circumstances that would support the grant of such relief in the interest of justice (*see Hafkin v North Shore Univ. Hosp.,* 97 NY2d 95; *Rihal v Kirchhoff,* 291 AD2d 548; *Beauge v New York City Tr. Auth.,* 282 AD2d 416). To the contrary, there has been an overall lack of diligence. The delays have been prolonged and inadequately explained, and there is no evidence either that Patel received actual notice of the plaintiff's claim or that the claim against Patel has merit. Accordingly, relief was providently denied and the action properly dismissed insofar as asserted against Patel. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.