JOHANN C. BERTUCCI et al., Respondents, v ACEA M. MOSEY, as Public Administrator of the Estate of JOSEPH M. BILLICK, Deceased, et al., Appellants. [846 NYS2d 486]—

Appeals from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered July 31, 2006 in a personal injury action. The order, inter alia, substituted Acea M. Mosey, as public administrator of the estate of Joseph M. Billick, deceased, for defendant Joseph M. Billick.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Johann C. Bertucci when the motor vehicle she was driving was rear-ended by a motor vehicle driven by Joseph M. Billick and owned by defendants Ford Credit Titling Trust, Ford Motor Credit Company, Inc., and Ford Motor Credit Company (collectively, Ford defendants). Billick died shortly after he was served with the summons and complaint, and the 120-day period in which to serve the Ford defendants expired before they were served (see CPLR 306-b). We conclude that Supreme Court properly granted that part of plaintiffs' motion to substitute Acea M. Mosey as public administrator of Billick's estate and properly denied the cross motion of Billick's attorneys to dismiss the complaint against Billick for failure to make a timely motion to substitute Billick's estate as a named defendant. The motion was made approximately 22 months after Billick's death, and plaintiffs did not unreasonably delay in seeking the substitution (see CPLR 1015 [a]; 1021; Rosenfeld v Hotel Corp. of Am., 20 NY2d 25, 28-29 [1967]; Rand v Rand, 134 AD2d 336 [1987]). We note that, although the court did not explicitly deny the cross motion, the failure to rule on the cross motion is deemed a denial thereof (see Brown v U.S. Vanadium Corp., 198 AD2d 863 [1993]).

We further conclude, under the unusual circumstances of this

case, that the court providently exercised its discretion in granting that part of plaintiffs' motion for an extension of time in which to effectuate service of process upon the Ford defendants pursuant to CPLR 306-b (*see Rivera v Ostad*, 37 AD3d 374 [2007]; *Rosenzweig v 600 N. St., LLC*, 35 AD3d 705 [2006]; *Arango v Bonilla*, 29 AD3d 834 [2006]). Such an extension of time for service was properly granted "in the interest of justice" (CPLR 306-b). Here, although the statute of limitations has expired, plaintiffs have a meritorious cause of action against the Ford defendants, and the Ford defendants had actual notice of plaintiffs' cause of action and thus would not be prejudiced by the extension. In addition, we note that plaintiffs' delay in effectuating service and in subsequently moving for an extension of time for service was attributable to the reasonable belief of plaintiffs that Billick's death precluded them from "taking any other procedural step in the action" until a legal representative was substituted for Billick (CPLR 1022; *see generally Giroux v Dunlop Tire Corp.*, 16 AD3d 1068 [2005]; *Thomas v Benedictine Hosp.*, 8 AD3d 781, 782 [2004]; *Noriega v Presbyterian Hosp. in City of N.Y.*, 305 AD2d 220, 221 [2003]; Siegel, NY Prac § 184, at 313 [4th ed]). Present—Scudder, P.J., Gorski, Centra, Fahey and Green, JJ.