■ BRIAN BROWN, Respondent, v WILSON FARMS, INC., et al., Appellants. [861 NYS2d 878]—

Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered August 31, 2007. The order, inter alia, granted the motion of plaintiff pursuant to CPLR 306-b to extend the time in which to serve defendants.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendants appeal from an order that, inter alia, granted plaintiff's motion pursuant to CPLR 306-b to extend the time in which to serve defendants. Contrary to defendants' contention, Supreme Court providently exercised

its discretion in granting plaintiff's motion in the interest of justice (*see Bertucci v Mosey*, 45 AD3d 1385, 1386-1387 [2007]; *Abu-Aqlein v El-Jamal*, 44 AD3d 884 [2007]; *Busler v Corbett*, 259 AD2d 13, 17 [1999]). "The interest of justice standard requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). Among the relevant factors to be considered are plaintiff's diligence or lack thereof in attempting service, "expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant[s]," and no one factor is determinative (*id.* at 105-106).

Here, plaintiff established that he served defendants Wilson Farms, Inc., Ahold USA, Inc., Wilson Farms Convenience Stores, Inc., and Tops Markets, LLC within 28 days after the expiration of the statutory period for service and that his attempts to serve defendants Marcia W. Reinagel and Sixty Dingens Street, Inc. were unsuccessful based on circumstances beyond his control. In addition, the statute of limitations expired on the day on which the summons and complaint were filed, and thus plaintiff's claims would be extinguished if the court had denied the motion. The motion was supported by evidence demonstrating that plaintiff has a meritorious cause of action, and plaintiff made the motion promptly after he discovered that, because of law office miscommunication, defendants had not been served within the 120-day statutory period. Finally, defendants failed to demonstrate that they were prejudiced by the delay in service. Present—Hurlbutt, J.P., Martoche, Smith, Green and Pine, JJ.