■ LORRAINE PRZESPOLEWSKI, as Administrator of the Estate of STELLA GONCIARZ, Deceased, Respondent, v ELDERWOOD HEALTH CARE AT LINWOOD et al., Appellants, et al., Defendants. [865 NYS2d 462]—

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered June 26, 2007 in a medical malpractice action. The order denied the motion of defendants ElderWood Health Care at Linwood and Linwood Health Care

Center, Inc. seeking to vacate a prior order granting plaintiff's ex parte motion pursuant to CPLR 306-b and to dismiss the complaint against them.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Defendants ElderWood Health Care at Linwood (incorrectly sued as ElderWood Health Care at Lindwood) and Linwood Health Care Center, Inc. (Linwood defendants) appeal from an order that denied their motion seeking to vacate the order granting plaintiff's ex parte motion pursuant to CPLR 306-b to extend the time in which to serve them and to dismiss the complaint for failure to obtain personal jurisdiction over them in a proper manner. We affirm. We conclude under the circumstances of this case that Supreme Court providently exercised its discretion in granting plaintiff's ex parte motion in the interest of justice (*see Brown v Wilson Farms, Inc.*, 52 AD3d 1324 [2008]; *Bertucci v Mosey*, 45 AD3d 1385, 1386-1387 [2007]; *Abu-Aqlein v El-Jamal*, 44 AD3d 884 [2007]; *see generally Busler v Corbett*, 259 AD2d 13, 15-17 [1999]). Plaintiff established that the action was commenced within the statute of limitations and that service was effectuated on several of the other defendants within the statutory time frame. In addition, plaintiff established that she sought an extension of time in which to serve the Linwood defendants promptly after discovering that, because of a miscommunication, the Linwood defendants had not been served within the 120-day statutory period. Significantly, the Linwood defendants failed to demonstrate that they were prejudiced by the delay in service (*see Brown*, 52 AD3d 1324 [2008]). We thus also conclude that the court properly denied that part of the motion of the Linwood defendants to dismiss the complaint against them based on the alleged failure to obtain personal jurisdiction over them. Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.