In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Butler, J.), entered March 19, 2012, as denied that branch of her motion which was pursuant to CELR 306-b for an extension of time to effect service of process upon the defendant Morales Bros. Realty, Inc., nunc pro tunc to September 11, 2011, and granted that branch of the defendants’ cross motion which was pursuant to CELR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Morales Bros. Realty, Inc., for lack of personal jurisdiction.
Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, that branch of the plaintiffs motion which was pursuant to CPLR 306-b for an extension of time to effect service of process upon the defendant Morales Bros. Realty, Inc., is granted, and that branch of the defendants’ cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against the defendant Morales Bros. Realty, Inc., for lack of personal jurisdiction is denied.
On May 12, 2011, the plaintiff filed a summons and complaint *677 with the Queens County clerk naming, as defendants, Morales Bros. Realty, Inc. (hereinafter MBRI) and Jorge A. Morales. According to the affidavit of service, the plaintiffs process server served both MBRI and Morales on September 11, 2011, or 3 days after the expiration of the 120-day period of service set forth in CPLR 306-b, by personally delivering a copy of the summons and complaint to Morales, who is also the president of MBRI.
The defendants contend that MBRI was never served with a copy of the summons and complaint. We disagree. Service of one copy of a summons and complaint upon an officer of a corporation constitutes service upon the corporation itself as well as upon the individual officer, where, as here, there was simultaneous compliance with CPLR 311 (a) (1) and CPLR 308 (1) (see Matter of T.E.A. Mar. Automotive Corp. v Scaduto, 181 AD2d 776, 780 [1992]; Lac Leasing Corp. v Dutchess Aero, Inc., 32 AD2d 949 [1969]; Port Chester Elec. Co. v Ronbed Corp., 28 AD2d 1008 [1967]; cf. Lakeside Concrete Corp. v Pine Hollow Bldg. Corp., 104 AD2d 551 [1984], affd 65 NY2d 865 [1985]). Here, MBRI was served pursuant to CPLR 311 (a) (1) when the plaintiffs process server delivered the summons and complaint to the individual defendant, an officer of MBRI. Accordingly, the method employed to serve MBRI was proper and, thus, that branch of the defendants’ cross motion which was pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against MBRI for lack of personal jurisdiction should have been denied.
In this case, where the statute of limitations expired between the time that the action was commenced and the time that the copy of the summons and complaint was served, that branch of the plaintiffs motion which was pursuant to CPLR 306-b to extend the time to serve the summons and complaint upon MBRI nunc pro tunc to September 11, 2011, should have been granted in the interest of justice (see Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]; Rosenzweig v 600 N. St., LLC, 35 AD3d 705, 706 [2006]). The copy of the summons and complaint was served only 3 days after the 120-day time period of CPLR 306-b had expired, the plaintiff promptly sought relief after receiving the answer, and there was no demonstrable prejudice to MBRI attributable to the delay in service (see Thompson v City of New York, 89 AD3d 1011, 1012 [2011]; DiBuono v Abbey, LLC, 71 AD3d 720 [2010]; Abu-Aqlein v El-Jamal, 44 AD3d 884, 885 [2007]; Beauge v New York City Tr. Auth., 282 AD2d 416 [2001]; Busler v Corbett, 259 AD2d 13, 17 [1999]). Angiolillo, J.P., Hall, Roman and Cohen, JJ., concur.