■ ALICIA RUDD, Appellant, v CITY OF NEW YORK, Defendant, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [981 NYS2d 605]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ash, J.), dated August 18, 2011, which granted the motion of the defendant New York City Housing Authority pursuant to CPLR 3211 (a) (5) and (8) to dismiss the complaint insofar as asserted against it, and denied her cross application pursuant

to CPLR 306-b to enlarge her time to effect service of process upon the defendant New York City Housing Authority nunc pro tunc to March 15, 2011, in the interest of justice.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the plaintiff's cross application pursuant to CPLR 306-b to enlarge her time to effect service of process upon the defendant New York City Housing Authority nunc pro tunc to March 15, 2011, in the interest of justice, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, the motion of the defendant New York City Housing Authority pursuant to CPLR 3211 (a) (5) and (8) to dismiss the complaint insofar as asserted against it is denied, and the plaintiff's cross application pursuant to CPLR 306-b to enlarge her time to effect service of process upon the defendant New York City Housing Authority nunc pro tunc to March 15, 2011, in the interest of justice, is granted; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

Although this action was timely commenced, the statute of limitations had expired when the plaintiff sought to enlarge her time to serve copies of the summons and complaint upon the defendant New York City Housing Authority (hereinafter the NYCHA) nunc pro tunc to March 15, 2011 (see Selmani v City of New York, 100 AD3d 861, 862 [2012]; DiBuono v Abbey, LLC, 71 AD3d 720 [2010]; Rosenzweig v 600 N. St., LLC, 35 AD3d 705, 706 [2006]). However, the NYCHA received actual notice of the claim and conducted an oral examination of the plaintiff pursuant to Public Housing Law § 157 (2) and General Municipal Law § 50-h less than four months after the accrual of the claim, and prior to the commencement of the action, and the NYCHA did not demonstrate any prejudice attributable to the delay in service (see Rosenzweig v 600 N. St., LLC, 35 AD3d at 706; Beauge v New York City Tr. Auth., 282 AD2d 416 [2001]; Scarabaggio v Olympia & York Estates Co., 278 AD2d 476 [2000], affd sub nom. Leader v Maroney, Ponzini & Spencer, 97 NY2d 95 [2001]). Moreover, there is evidence of a potentially meritorious claim (see Moundrakis v Dellis, 96 AD3d 1026, 1027 [2012]; Thompson v City of New York, 89 AD3d 1011, 1012 [2011]; DiBuono v Abbey, LLC, 71 AD3d at 720).

Accordingly the Supreme Court should have denied the NYCHA's motion to dismiss the complaint insofar as asserted against it and granted the plaintiff's cross application pursuant to CPLR 306-b to enlarge her time to effect service of process

upon NYCHA nunc pro tunc to March 15, 2011, in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d at 105-106.) Balkin, J.P., Lott, Roman and Miller, JJ., concur.