■ HAMOUND A. GABBAR et al., Respondents, v FLATLANDS COMMONS, LLC, Appellant, et al., Defendant. [55 NYS3d 353]—

In an action to recover damages for personal injuries, etc., the defendant Flatlands Commons, LLC, appeals from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated October 14, 2015, as granted the plaintiffs' cross motion pursuant to CPLR 306-b to extend their time to serve the summons and complaint on it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On February 2, 2011, the plaintiff Hamound A. Gabbar (hereinafter the injured plaintiff) allegedly was injured when he tripped and fell on the sidewalk in front of premises owned by the defendant Flatlands Commons, LLC (hereinafter the appellant), and leased by the defendant Banco Popular. On January 24, 2013, the injured plaintiff, and his wife suing derivatively, commenced this action. On February 22, 2013, both defendants were served by delivering copies of the summons and complaint to an assistant manager of the defendant Banco Popular at the premises. While Banco Popular served an answer, the appellant failed to appear or answer the complaint. By notice of motion dated January 6, 2015, the appellant moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of jurisdiction. By notice of cross motion dated June 18, 2015, the plaintiffs cross-moved pursuant to CPLR 306-b to extend their time to serve the summons and complaint upon the appellant. The Supreme Court granted the plaintiffs' cross motion pursuant to CPLR 306-b to extend their time to serve the summons and complaint upon the appellant and, in effect, denied the appellant's motion pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it.

The Supreme Court providently exercised its discretion in granting the plaintiffs' cross motion pursuant to CPLR 306-b to extend their time to serve the summons and complaint upon the appellant in the interest of justice (*see Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105-106 [2001]). The plaintiffs' time to effect service of process was properly extended since the verified complaint demonstrated a potentially meritorious

cause of action, the statute of limitations had expired, the action was commenced within the 3-year statutory period, service of the summons and complaint which was timely made within the 120-day period (*see* CPLR 306-b) was subsequently found to have been defective, and there is no demonstrable prejudice to the appellant that would militate against granting the extension of time to serve it (*see* CPLR 105 [u]; 214; 306-b; *Rudd v City of New York*, 115 AD3d 729 [2014]; *Abu-Aqlein v El-Jamal*, 44 AD3d 884, 885 [2007]; *Robles v Mirzakhmedov*, 34 AD3d 554, 555 [2006]; *Chiaro v D'Angelo*, 7 AD3d 746 [2004]; *Earle v Valente*, 302 AD2d 353, 354 [2003]; *Busler v Corbett*, 259 AD2d 13, 16 [1999]). In the absence of prejudice to the appellant, it would be unjust to deprive the plaintiffs of the opportunity to prove their causes of action against both defendants (*see Przespolewski v ElderWood Health Care at Linwood*, 55 AD3d 1327, 1328 [2008]; *Busler v Corbett*, 259 AD2d at 16). Rivera, J.P., Austin, Miller and Barros, JJ., concur.