HSBC Bank USA v Archer (2019 NY Slip Op 04920)





HSBC Bank USA v Archer


2019 NY Slip Op 04920


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
RUTH C. BALKIN
JOSEPH J. MALTESE, JJ.


2018-00930
 (Index No. 2674/10)

[*1]HSBC Bank USA, etc., respondent,
v
Marlene Archer, appellant, et al., defendants.


C. Steve Okenwa, P.C., New York, NY, for appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Marlene Archer appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated December 6, 2017. The order, insofar as appealed from, denied the cross motion of the defendant Marlene Archer pursuant to CPLR 5015(a)(4) to vacate, insofar as against her, an order of reference of the same court dated November 20, 2013, entered upon her default, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her on the ground of lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this mortgage foreclosure action by the filing of a summons and complaint dated January 29, 2010. An amended affidavit of service dated February 24, 2010, indicated that service was made upon the defendant KIDS R. WONDERFUL DAY CARE by personal delivery of the pleadings to its owner, the defendant Marlene Archer, at the address of the mortgaged premises. Archer neither answered nor appeared in the action. In 2013, the plaintiff obtained an order of reference upon Archer's default. Subsequently, in 2017, the plaintiff moved for an extension of time within which to seek a judgment of foreclosure and sale, and Archer cross-moved pursuant to CPLR 5015(a)(4) to vacate her default and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her on the ground that she was never served with process in the action. The Supreme Court granted the plaintiff's motion and denied Archer's cross motion. Archer appeals only from the denial of her cross motion.
We agree with the Supreme Court's denial of Archer's cross motion. " Ordinarily, a process server's affidavit of service establishes a prima facie case as to the method of service and, therefore, gives rise to a presumption of proper service'" (U.S. Bank N.A. v Langner, 168 AD3d 1021, 1023, quoting Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). To be entitled to vacatur of a default under CPLR 5015(a)(4), a defendant must overcome the presumption raised by the affidavit of service (see HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945). Bare and unsubstantiated denials are insufficient for this purpose, and no hearing is required when the defendant fails to swear to specific facts to rebut the statements in the process server's affidavit (see [*2]Nationstar Mtge., LLC v Dekom, 161 AD3d 995, 996; Deutsche Bank Natl. Trust Co. v Quinones, 114 AD3d 719, 719).
Here, the affidavit of service established proper service both upon the business entity owned by Archer and upon Archer herself by the personal delivery of the pleadings to Archer in compliance with CPLR 308(1) (see CPLR 311, 311-a; Fernandez v Morales Bros. Realty, Inc., 110 AD3d 676, 677; Mattter of T.E.A. Mar. Automotive Corp. v Scaduto, 181 AD2d 776, 780-781; Helfand v Cohen, 110 AD2d 751, 752). Archer's bare and unsubstantiated denial of service was insufficient to rebut the presumption of valid service arising from the process server's affidavit or to warrant a hearing on the issue (see e.g. PNC Bank, N.A. v Bannister, 161 AD3d 1114, 1115-1116).
In view of the foregoing, we need not consider Archer's remaining contentions.
MASTRO, J.P., RIVERA, BALKIN and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court