Bradley v Rexcoat (2020 NY Slip Op 05374)





Bradley v Rexcoat


2020 NY Slip Op 05374


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, TROUTMAN, AND DEJOSEPH, JJ.


709 CA 19-00892

[*1]FREDERICK P. BRADLEY, PLAINTIFF-RESPONDENT,
v
ROBERT REXCOAT AND JENNIFER REXCOAT, DEFENDANTS-APPELLANTS. 






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
VANDETTE PENBERTHY LLP, BUFFALO (JAMES M. VANDETTE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Dennis Ward, J.), entered March 12, 2019. The order denied defendants' motion to vacate a prior order entered May 12, 2017 that granted plaintiff's motion seeking an extension of time to serve defendants with plaintiff's summons and notice. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendants appeal from an order that denied their motion seeking to vacate a prior order granting plaintiff's ex parte motion pursuant to CPLR 306-b to extend the time in which to serve them with a summons and notice. After weighing the relevant factors, including the "expiration of the [s]tatute of [l]imitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of . . . plaintiff's request for the extension of time, and prejudice to defendant" (Leader v Maroney, Ponzini & Spencer, 97 NY2d 95, 105-106 [2001]), we reject defendants' contention that Supreme Court (Dillon, J.) abused its discretion in granting the ex parte motion in the interest of justice (see generally Moss v Bathurst, 87 AD3d 1373, 1374 [4th Dept 2011]). We note, in particular, that defendants' insurer received prompt notice of the accident at issue and had the opportunity to investigate. Thus, defendants failed to demonstrate that they were prejudiced by the delay in service (see Przespolewski v Elderwood Health Care at Linwood, 55 AD3d 1327, 1328 [4th Dept 2008]; see also Gabbar v Flatlands Commons, LLC, 150 AD3d 1084, 1085 [2d Dept 2017]; see generally Terrigino v Village of Brockport, 88 AD3d 1288, 1288 [4th
Dept 2011]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court