| **J.K. v Viscardi Ctr. Inc** |
|:---:|
| 2024 NY Slip Op 33631(U) |
| October 11, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 506594/2020 |
| Judge: Joanne D. Quiñones |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part CVAP3, of the Supreme Court, held in and for the County of Kings at the Courthouse located at 360 Adams Street, Brooklyn, NY 11201, on the **11th** day of **October, 2024**.

P R E S E N T:

**HON. JOANNE D. QUIÑONES,**
    Justice of the Supreme Court.

-----------------------------------------------------------------x

J.K.,

                      Plaintiff,

          - against –

THE VISCARDI CENTER INC, HENRY VISCARDI SCHOOL, DIANA DEVIVIO, DOES 1-10,

                   Defendants.

-----------------------------------------------------------------x

Index No.: 506594/2020

**DECISION & ORDER**
Motion Sequence Nos. 2, 4-5

Recitation as required by CPLR 2219 (a) of the papers considered in review of these motions:

| **Papers** | **NYSCEF Document Nos.** |
|---|---|
| Notice of Motion, Affidavits (Affirmations), and Exhibits Annexed | 18-22, 69-94 |
| Answering Affidavits (Affirmations) and Exhibits Annexed | 23-38, 95-116 |

This action was commenced on March 16, 2020, pursuant to the Child Victims Act (CVA), CPLR 214-j. Plaintiff alleges that J.K. was a student at Henry Viscardi School and, during his time there, he was subjected to repeated verbal and sexual abuse by Diana DeVivio, the then principal of the school.

Defendants Viscardi Center, Inc. and Henry Viscardi School (collectively, Viscardi) move by notice of motion for an order dismissing this action for lack of personal jurisdiction and for failure of service (motion sequence no. 4). Plaintiff, J.K. (Plaintiff), cross-moves[1] for

---

[1] The court deems Plaintiff's notice of motion a cross-motion although it was filed as a separate notice of motion.

1

[* 1]

an order lifting the automatic stay and extending time to serve Defendants (motion sequence no. 5).

## BACKGROUND

Plaintiff commenced this action by e-filing the summons and complaint with the Kings County Clerk on March 16, 2020 (NYSCEF Doc No. 1).

On June 1, 2020, Plaintiff filed a notice of motion to consolidate Plaintiff's mother's pending action against Viscardi under Index No. 522542/2019 with this action, and for permission to proceed anonymously (motion sequence no. 1).

On September 10, 2021, nearly 18 months after commencement of this action, Plaintiff e-filed affidavits of attempted service (*see* NYSCEF Doc No. 17). The affidavits of service, each dated August 4, 2020, are identical with respect to service attempts indicating that Plaintiff attempted to serve each defendant by mail on July 4, 11, 16, and 29, 2024; however, the process server was unable to effectuate service on each date because "SCHOOL CLOSED COVID 19 RESTRICTION" (NYSCEF Doc No. 17). That same day, Plaintiff filed a second notice of motion, this time seeking an order for a default judgment against all defendants (motion sequence no. 2). Matthew J. Koster, Esq. of Koster, Brady & Nagler LLP opposed the motion on behalf of the defendants.

By order dated September 16, 2022, entered by the County Clerk on October 24, 2022, another Justice of this court denied Plaintiff's motion for a default judgment and dismissed the action (*see* NYSCEF Doc No. 45). The court found, among other things, that "the affidavits of service are suspect on their face" and "fail to state what date the summons and complaint were mailed on and what method of mail was employed" (*id.*). The court also determined that Plaintiff "failed to establish that it served any of the defendants in a proper manner" and that Plaintiff "failed to take proceedings for the entry of a default judgment within one year" (*id.*).

On December 9, 2022, Plaintiff filed a notice of appeal and simultaneously moved to reargue the September 16, 2022 order dismissing the complaint (*see* NYSCEF Doc No. 47; motion sequence no. 3). In an order dated March 5, 2024, another Justice of this court vacated the order dismissing the action on the ground that Diana DeVivio, a named defendant in this action, died on or about October 31, 2021, which automatically stayed the action

2

[* 2]

pursuant to CPLR 1015(a) (*see* NYSCEF Doc No. 66). The court held that the action is "stayed pending either a motion to substitute DeVivio's estate or personal representative pursuant to CPLR § 1021, or Plaintiff, if so advised, may discontinue as to DeVivio" and held the motion for a default judgment in abeyance pending substitution or discontinuance (*id.*). On April 2, 2024, Plaintiff filed a notice of discontinuance of the action against Diana DeVivio (NYSCEF Doc No. 68).

On May 14, 2024, Defendant filed the instant motion to dismiss, which was made returnable on June 11, 2024 (motion sequence no., 4). On May 28, 2024, Plaintiff cross-moved for a lift of the automatic stay and an extension of time to effectuate service (motion sequence no. 5). Plaintiff's cross-motion was made returnable on June 12, 2024. The motions were later reassigned to this Part CVAP3 for consideration in or around July 2024.

## DISCUSSION

### *Automatic Stay*

When a party dies during the course of an action, the court is generally divested of jurisdiction to act, and the action is automatically stayed pending substitution of a personal representative for the decedent (*see* CPLR 1015[a], 1021; EPTL § 11-3.2 [actions for injury to person survives]; *U & Me Homes, LLC v County of Suffolk*, 169 AD3d 853, 854-855 [2d Dept 2019]; *Neuman v Neumann*, 85 AD3d 1138, 1139 [2d Dept 2011]). If a plaintiff discontinues the action against the deceased, then the stay may be lifted and the case proceeds as to all other defendants (*see* generally *U.S. Bank Nat. Ass'n v Esses*, 132 AD3d 847, 848 [2d Dept 2015]; *Yesilevich v Tenenbaum*, 82 Misc 3d 541, 545 [Sup Ct, Kings County 2023] [plaintiff permitted to discontinue post-joinder and stay lifted]).

Another Justice of this court determined that "Plaintiff, if so advised, may discontinue as to DeVivio" (NYSCEF Doc Nos. 87, 112, Viscardi Exhibits Q). Plaintiff did just that and, on April 2, 2024, Plaintiff filed a notice of discontinuance as to defendant Diana DeVivio (NYSCEF Doc No. 68). Viscardi does not argue that Plaintiff improperly discontinued the action (*see* CPLR 3217 [varying methods of discontinuance depending on stage of proceedings]). Rather, Viscardi opposes lifting the stay because, on April 30, 2024, "defendants were served with three copies of the original summons and complaint in this action" which leaves Viscardi "to assume that the papers served upon defendants were for

3

[* 3]

the three named defendants, which includes DeVivio" (Koster Opp ¶ 26). Viscardi claims that the subsequent service of the summons and complaint revives the action against DeVivio and requires a continued stay of the proceedings (*id.*)

The affidavit of service dated April 30, 2024, indicates that on that date Plaintiff served the summons and complaint upon "HENRY VISCARDI SCHOOL," which it identified as a domestic corporation, by delivering a copy to the corporation's authorized agent (NYSCEF Doc No. 93, Plaintiff's Exhibit 1). Plaintiff also mailed a copy to the actual place of business along with personal in-hand service upon a descript individual (*see id.*). Viscardi acknowledges service as of April 30, 2024 and does not dispute the manner of service (*see* Koster Opp ¶ 26).

The court rejects the argument that Plaintiff intended to serve Diana DeVivio when it served three copies of the summons and complaint upon Viscardi. At the time of service in 2024, the record was replete with instances demonstrating that all parties were aware of DeVivio's death. Viscardi's counsel filed two letters notifying the court and Plaintiff of DeVivio's passing, motion practice ensued which involved both sides discussing the effect on this litigation, the court issued a decision on this issue, and Plaintiff filed a notice of discontinuance as to DeVivio. Thus, Plaintiff could not revive the action against DeVivio after discontinuance because "it is well established that the dead cannot be sued" (*Marte v Graber*, 58 AD3d 1, 3 [1st Dept 2008]; *see Jordan v City of New York*, 23 AD3d 436, 437 [2d Dept 2005] [a "party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate"]; *Weir v Quinones*, 68 Misc 3d 1227[A] [Sup Ct, Kings County 2020]). While a jurisdictional challenge may be waived "where there has been active participation in the litigation by the personal representative who would have been substituted for the decedent" (*Griffin v Manning*, 36 AD3d 530, 532 [1st Dept 2007]), here, there was no such participation.

Accordingly, considering the foregoing including the discontinuance as against DeVivio, the automatic stay is lifted.

4

[* 4]

### *Extension of Time to Serve*

Plaintiff further seeks an extension of time to serve. Viscardi opposes on the grounds that it was not properly served until April 30, 2024, and Plaintiff commenced a new action against Viscardi.

A plaintiff is statutorily required to serve the summons and complaint upon each defendant within 120 days of commencement of the action (CPLR 306-b). Upon plaintiff's failure to adhere to the 120-day deadline, "the court, upon motion, shall dismiss the action without prejudice as to that defendant, or upon good cause shown or in the interest of justice, extend the time for service" (*id.*).

"Good cause" is demonstrated through "reasonable diligence in attempting service" (*Rivera v Michaelsen*, 225 AD3d 639, 640 [2d Dept 2024] [internal quotations omitted]). Good cause is not met where plaintiff's initial attempts at service are "palpably improper" and the attempts to re-serve are not made until after the expiration of the statutory period (*Kazimierski v New York Univ.*, 18 AD3d 820 [2d Dept 2005]).

Here, Plaintiff fell short of the required diligence to constitute good cause. As it relates to Viscardi, Plaintiff was required to comply with CPLR 3211 for service upon a corporation. The affidavits of service dated August 4, 2020, do not indicate the process server personally served any authorized person (*see Fernandez v Morales Bros. Realty, Inc.*, 110 AD3d 676, 677 [2d Dept 2013]). The court gives little weight to the process server's averment that the server was "informed by school person[nel] via telephone that the school will be closed until further notice d[ue] to [COVID-19] and that the service can be [effectuated] by mail" (NYSCEF Doc Nos. 17, 78). The process server failed to identify which school personnel informed him of such and on what date said communication occurred. In any event, to the extent that Plaintiff mailed the pleadings, Plaintiff failed to comply with the requirements of CPLR 312-a. Moreover, the record demonstrates that Plaintiff did not attempt to re-serve Viscardi until April 30, 2024, well beyond the 120-day period.

Therefore, Plaintiff failed to demonstrate good cause for an extension of time to serve. The interest of justice standard, on the other hand, "requires a careful judicial analysis of the factual setting of the case and a balancing of the competing interests presented by the parties" (*Leader v Maroney, Ponzini & Spencer*, 97 NY2d 95, 105 [2001]). The court may consider any relevant factor, including "diligence, or lack thereof, … expiration of the Statute

5

[* 5]

of Limitations, the meritorious nature of the cause of action, the length of delay in service, the promptness of a plaintiff's request for the extension of time, and prejudice to defendant" (*id.* at 105-106).

The court has considered the parties' contentions and proof attached to these motion papers. The court also takes judicial notice of the actions filed under Index Numbers 522542/2019 (the 2019 action) and 502011/2023 (the 2023 action) (*see Caffrey v N. Arrow Abstract & Settlement Services, Inc.*, 160 AD3d 121, 126 [2d Dept 2018] ["courts may take judicial notice of a record in the same court of either the pending matter or of some other action"]). In the 2019 action, Plaintiff's mother, individually and on behalf of Plaintiff's two brothers, sued Viscardi, DeVivio and other school personnel. Plaintiff commenced this action on March 16, 2020. Then, on January 19, 2023, Plaintiff commenced the 2023 action naming all the defendants in this action along with the City of New York. The complaints filed in this action and the 2023 action are nearly identical, with the only notable difference being the addition of the City of New York. By order dated March 4, 2024, another Justice of this court dismissed the 2023 action as against the City of New York leaving identical parties with the instant action (*see* NYSCEF Doc Nos. 71-72).

Upon these facts, the court does not find that Plaintiff is entitled to an extension of time in the interest of justice. As noted above, Plaintiff failed to take reasonably diligent steps to effectuate proper service upon Viscardi and ultimately chose a manner of service not authorized by statute or court rules. When service was untimely, Plaintiff neither sought an extension of time prior to the expiration of the statutory period nor within a reasonable time thereafter. The length of delay in service, approximately 1,386 days after the expiration of time, was considerable. Most notably, Viscardi would be prejudiced in having to defend against this action simultaneously with the 2023 action (*see* CPLR 3211[a][4] [dismissal is proper where there is another action pending between the same parties for the same cause of action]). The undersigned has reviewed both complaints and finds them to be nearly identical and the Justice presiding in the 2023 action found similarly (*see* NYSCEF Doc No. 88 at 4). To continue this action would require Viscardi to make duplicate motions – one in this action and one in the 2023 action – and could potentially subject the parties to inconsistent rulings on identical claims.

6

[* 6]

There is no merit to Plaintiff's assertion that, in this case, "the statute of limitations may potentially serve as a bar to recovery for the damages suffered by plaintiff" (Umoh Aff ¶ 14). Another Justice of this court rejected Viscardi's attempts to dismiss the 2023 action based on statute of limitations grounds (*see* NYSCEF Doc No. 113 at 10-11). The 2023 action has had considerable progression as compared to this action. For example, another Justice reviewed the viability of Plaintiff's claims asserted in the 2023 action and issued a decision thereon; whereas, here, no such determination has been made.

For these reasons, the court finds that the record does not support an extension of time in the interest of justice.

## CONCLUSION

In accordance with the foregoing, it is hereby:

**ORDERED** that Viscardi's motion to dismiss this action for lack of personal jurisdiction is **granted** (motion sequence no. 4); and it is further

**ORDERED** that Plaintiff's motion filed under motion sequence number 5 is **granted to the extent** indicated herein; and it is further

**ORDERED** that the automatic stay is lifted; and it is further

**ORDERED** that Plaintiff's application for an extension of time to serve is denied; and it is further

**ORDERED** that Plaintiff's motion for a default judgment (motion sequence no. 2), which was previously held in abeyance, is **denied**; and it is further

**ORDERED** that this action is **DISMISSED** pursuant to CPLR 306-b for failure to serve.

Any issue raised and not decided herein is denied.

Viscardi shall serve a copy of this decision and order, with notice of entry, upon Plaintiff within seven (7) days of such entry. Viscardi shall e-file an affidavit of said service within seven (7) days of effectuating service.

This constitutes the decision and order of the court.

Dated: **October 11, 2024**         E N T E R:

_____

**HON. JOANNE D. QUIÑONES**
Justice of the Supreme Court

7

[* 7]