Woolf v JTEKT Corp. (2025 NY Slip Op 06464)

Woolf v JTEKT Corp.

2025 NY Slip Op 06464

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND KEANE, JJ.

813 CA 24-01563

[*1]VADIM WOOLF AND HELENA WOOLF, PLAINTIFFS-RESPONDENTS,
v
JTEKT CORPORATION, DEFENDANT-APPELLANT, ET AL., DEFENDANTS. 

GOLDBERG SEGALLA LLP, BUFFALO (KATHLEEN J. MARTIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered September 3, 2024, in an action to recover damages for injuries sustained in a workplace accident. The order denied the motion of defendant JTEKT Corporation to dismiss the complaint. 
It is hereby ORDERED that said appeal is unanimously dismissed without costs.
Memorandum: Plaintiffs commenced this action against, inter alia, JTEKT Corporation (defendant), seeking damages arising from a workplace injury sustained by plaintiff Vadim Woolf. After filing the summons and complaint, plaintiffs moved, ex parte, pursuant to CPLR 306-b, for, inter alia, an extension of time in which to serve defendant, an entity located in Japan. Supreme Court, inter alia, granted plaintiffs' request for a 240-day extension. Prior to the expiration of the extended service period, plaintiffs again moved, ex parte, to extend the time in which to serve defendant, and the court entered a second order, which, inter alia, granted an additional 240-day extension. Service thereafter occurred, and defendant answered the complaint.
Defendant then moved to dismiss the complaint pursuant to CPLR 3211 (a) (8) for lack of personal jurisdiction. Defendant contended, inter alia, that the complaint failed to state a proper basis for New York's long-arm jurisdiction over defendant. Defendant also contended that service was untimely because plaintiffs should not have been granted the extensions, although it did not move to vacate the prior orders that had granted the extensions.
Defendant appeals from an order denying its motion. Defendant's brief on appeal, however, addresses only the court's earlier determinations to grant plaintiffs the two extensions pursuant to CPLR 306-b. Those determinations were embodied in two prior orders that are not subject to the present appeal, which is taken from the nonfinal order denying defendant's motion (see CPLR 5501 [a] [1]). We are therefore foreclosed from reviewing defendant's contention (see Weichert v Hemmerich, 217 AD3d 1370, 1371 [4th Dept 2023]). Because defendant has raised no other issue on appeal, it has abandoned any contentions with respect to the order on appeal, and therefore the appeal must be dismissed (see id.; Capozzolo v Capozzolo, 195 AD3d 1534, 1535 [4th Dept 2021]). In any event, even if defendant's appeal could be construed as an appeal from the court's two prior orders, "no appeal lies as of right from an ex parte order," and permission to appeal has not been granted (Obot v Medaille Coll., 82 AD3d 1629, 1630 [4th Dept 2011], appeal dismissed 17 NY3d 756 [2011] [internal quotation marks omitted]; see Sholes v Meagher, 100 NY2d 333, 335 [2003]; compare Bradley v Rexcoat, 164 AD3d 1667, 1667 [4th Dept 2018], with Bradley v Rexcoat, 187 AD3d 1576, 1576 [4th Dept 2020]).
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court